UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| KIERAN O'HARA, | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) C.A. No. 15-14139-MLW |
| | ) |
| DIAGEO-GUINNESS, USA, INC. and | ) |
| DIAGEO NORTH AMERICA, INC., | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 30, 2019

I. BACKGROUND

Defendants Diageo-Guinness, USA, Inc. and Diageo North America, Inc. make and market Guinness Extra Stout ("Extra Stout"), a form of beer, for distribution in the United States. Plaintiff Kieran O'Hara filed a putative class action complaint alleging that he bought Extra Stout in part because defendants deceptively advertised that it was brewed at St. James's Gate brewery, Dublin, Ireland. Plaintiff alleges that Extra Stout was actually brewed in New Brunswick, Canada. Plaintiff also asserts that he paid more for the Extra Stout than he would have if defendants had disclosed its origin. Plaintiff subsequently filed an Amended Complaint with seven claims, including common law misrepresentation (Count I), unjust enrichment (Count II), unfair and deceptive practices in violation of Mass. Gen. Laws Chapter 93A (Counts III-VI), and a

request for injunctive declaratory relief (Count VII). See Docket No. 4.

Defendants moved to dismiss all counts of the amended complaint. See Docket No. 17. On March 29, 2018, the court issued a Memorandum and Order denying the motion to dismiss in part and allowing it in part. See Docket No. 35. More specifically, the court denied the motion as to Count I, and Counts III and IV to the extent that they alleged that the statements on defendants' website violated Chapter 93A. The court allowed the motion as to Counts III and IV to the extent that they alleged that the statements on Extra Stout bottle labels and cartons violated Chapter 93A. The court reasoned that dismissal of Counts III and IV as related to the bottle labels and cartons was justified because the Alcohol Tobacco Tax and Trade Bureau (the "TTB") had issued a Certificate of Label Approval ("COLA") concerning the allegedly deceptive statements on the bottles and on the cartons, providing the bottle labels and cartons safe harbor protection under Chapter 93A, §3. Id. at 35-43. The court then understood that the TTB's approval applied both to the challenged labels on Extra Stout's bottles and on its outer packaging, the cartons. Id. at 41-43. The court allowed the motion to dismiss as to all the remaining counts, and the requests for injunctive and declaratory relief. Id. at 50.

Plaintiff filed a Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of the decision dismissing Counts III and IV relating to the statements on the Extra Stout cartons. See Docket Nos. 44, 45. Plaintiff also filed a Motion to Amend the First Amended Complaint. See Docket Nos. 46, 47. In the Motion to Amend, plaintiff seeks to update the case caption, amend the class definition, and add a claim for alleged violations of Chapter 93A based on the Tariff Act, 19 U.S.C. §1304(a), and certain regulations, 19 C.F.R. §134.46, and 21 C.F.R. §101.18. Id. Plaintiff included a proposed Second Amended Complaint as an exhibit to his memorandum in support of the Motion to Amend, with Count IV of the proposed second amended complaint constituting the new claim plaintiff proposes. See Docket No. 47-1.

For the reasons explained in this Memorandum and Order, the Motion for Reconsideration is being allowed because newly discovered evidence has prompted the court to recognize that it erred in finding that the TTB had approved the statements on the Extra Stout cartons. Therefore, Chapter 93A, §3 does not protect the statements on the cartons from potentially being found to be deceptive and/or to causing the labels on the Extra Stout bottles to be deceptive. The Motion to Amend is being allowed with regard to the case caption and the definition of the putative class, and denied without prejudice concerning the proposed new Chapter 93A claim.

II.   THE MOTION FOR RECONSIDERATION

   A. The Applicable Standard

   Motions for relief from judgment under Federal Rule of Civil Procedure 60 may be granted only in limited circumstances. Rule 60(b) gives the court the discretion to revise a final judgement when the party satisfies one of several stated grounds for relief. See Fed. R. Civ. Pr. 60(b). Rule 60(b) provides, in pertinent part, that a motion for reconsideration should be allowed when: (1) the moving party presents newly discovered evidence that is material to the court's decision; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

   Courts should not, however, permit motions for reconsideration to be used as vehicles for pressing arguments that could have been asserted earlier or for rearguing theories that have been previously advanced and rejected. See Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). "[S]imple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 Fed. Appx. 851, 853 (1st Cir. 2006).

   B. Analysis

   Plaintiff asserts that the court should reconsider and reverse its decision that the TTB approved the statements on the

4

Extra Stout cartons and, therefore, that they cannot be found to be deceptive because of the safe harbor provided by Chapter 93A, §3.

As explained in the March 29, 2018 Memorandum and Order:

> Chapter 93A exempts a defendant's conduct from liability if the conduct is authorized under another statute. Specifically, Chapter 93A, §3 provides that "nothing in this chapter shall apply to transactions or action otherwise permitted under laws as administered by a regulatory board or officer acting under statutory authority of the commonwealth or of the United States." The defendant has the burden of proving that its conduct fell under this "safe harbor" exemption. See Aspinall v. Philip Morris Companies, Inc., 453 Mass. 431, 434-35 (2009). To sustain that burden, it "must show more than the mere existence of a related or even overlapping regulatory scheme that covers the transaction. Rather, [the] defendant must show that such scheme affirmatively permits the practice which is alleged to be unfair or deceptive." Bierig v. Everett Sq. Plaza Assocs., 34 Mass. App. Ct. 354, 367 n. 14 (1993); Greany, Chapter 93A Right and Remedies §6-4 (1992).
>
> ***
>
> Courts applying Bierig, including this court, have held that Chapter 93A claims are precluded when a regulator authorized to review the defendant's actions has determined that those actions, in particular, were not unfair or deceptive.

Docket No. 35 at 12-13 (citations omitted).

As also explained in the March 29, 2018 Memorandum and Order, the Federal Alcohol Administration Act (the "FAAA"), 27 U.S.C. §§201-219, regulates the sale of beer and other alcoholic beverages. Among other things, the statute requires that alcoholic beverages be "bottled, packaged, and labeled in conformity with ... regulations to be prescribed by the Secretary of the Treasury."

5

27 U.S.C. §205(e). These regulations must prohibit deception of consumers of the alcoholic beverage. Id. at 14-17.

The responsibility and authority to prevent deception concerning alcoholic beverages has been delegated to the TTB. The relevant regulations require, among other things, that "each bottle of beer . . . show by label or otherwise . . . the place of production . . . ." 27 C.F.R. §25.142(a). In addition, the regulations state that:

> No label shall contain any brand name, which, standing alone, <u>or in association with other printed or graphic matter</u>, creates any impression or inference <u>as to the</u> age, <u>origin</u>, or other characteristics of the product unless the appropriate TTB officer finds that such brand name...conveys no erroneous impressions as to the age, <u>origin</u>, or other characteristics of the product.

27 C.F.R. §7.23(b) (emphasis added). As the reference to "in association with other printed or graphic matter" indicates, the regulations apply to "any carton, case, or other covering of the container." 27 C.F.R. §7.21. Therefore, a label on a bottle that accurately describes its origin could be rendered deceptive by the carton containing it.

Before releasing a beer for sale, bottlers and distributors must obtain a COLA from the TTB. See 27 C.F.R. §§7.41, 25.142(e). The TTB may not issue a COLA unless the product's labelling complies with the applicable regulations. See 27 C.F.R. §13.21; see also §7.20. This means, among other things, that a COLA may

6

not be issued unless the TTB finds that a label is not deceptive with regard to the origin of the product.

In the March 29, 2018 Memorandum and Order, the court correctly concluded that a COLA provides a Chapter 93A, §3 safe harbor for an approved label. See Docket No. 35 at 35-40. Indeed, plaintiff did not dispute this. Id. at 40. Rather, plaintiff contended that the COLA concerning the Extra Stout labels did not constitute approval of all of the conduct alleged in this case to be deceptive, particularly the statements on the Extra Stout cartons. Id.

Plaintiff now again argues that the language on the labels of Extra Stout bottles, which states in small print that the beer is: "Brewed in Canada and bottled by Guinness Brewing Company, New Brunswick, Canada. Product of Canada," see Ex. 2 hereto, is not on the carton, and that the court erred in treating them as identical. Plaintiff also contends that the court erred in reasoning that "a COLA represents the approval of not only the statements [o]n the label, but also of statements on the 'carton, case, or other covering of the container.' 27 C.F.R. §7.21; see also 27 U.S.C. §205(e)." Id. at 41.

In addition, plaintiff reports that following the March 29, 2018 decision, the TTB responded to a Freedom of Information Act request by stating that it found no documents responsive to the request for all documents "relating to the Diego Guinness USA's

7

Application for and Certification Exemption of Label/Bottle Approvals (COLAs) for their Guinness Extra Stout . . . cartons between June 1, 2004 and December 31, 2015." May 22, 2018 Email Response from TTB (Docket No. 45-1). Plaintiff argues that this is newly discovered evidence that the TTB did not consider or approve the statements on the Extra Stout cartons and, accordingly, defendant is not entitled to Chapter 93A, §3 safe harbor protection concerning the cartons.

Plaintiff's newly discovered evidence indicating that the TTB did not consider the statements on the Extra Stout cartons has prompted the court to consider carefully the effect of the COLA de novo. The court now finds that plaintiff is correct that the statements on the labels on the Extra Stout bottles and the statements on the Extra Stout cartons are not identical in all material respects. As indicated earlier, the labels on the bottles state in small print that the beer was brewed in Canada. There is no comparable statement on the cartons.

The court also concludes that it was not correct to the extent that it reasoned in the March 29, 2018 Memorandum and Order that a COLA would always "represent[] the approval of not only the statements [o]n the label, but also the statements on the 'carton, case, or other covering of the container.'" Docket No. 35 at 41 (citing 27 C.F.R. §7.21). 27 C.F.R. §7.21 is written in the disjunctive. The court now realizes that a statement on a bottle's

8

label, or on the carton covering the bottle, could be deceptive if a COLA had been issued for the bottle's label alone in circumstances in which the statements on the carton are deceptive and the carton obscures the accurate information on the labels on the bottles inside it.

More specifically, the regulation states that a beer is unlawfully misbranded and, therefore, deceptive:

> (b) If the container, cap, or any label on the container, <u>or any carton</u>, case, or other covering of the container used for sale at retail, or any written, printed, graphic, or other matter accompanying the container to the consumer buyer contains any statement, design, device, or graphic, pictorial, or emblematic representation that is prohibited by §§7.20 through 7.29.

See 27 C.F.R. §7.21 (emphasis added). Therefore, if as plaintiff alleges, the TTB approved only the label on the container, statements on the carton would not be entitled to the safe harbor protection of Chapter 93A, §3.

Viewing the allegations and illustrations in the Amended Complaint in the light most favorable to the plaintiff, the court now finds that he has stated a plausible claim that: the statements on the Extra Stout cartons are deceptive as to where the beer was brewed; those statements were not approved by the TTB; and therefore, they are not immune from being held deceptive by virtue of Chapter 93A, §3.

9

More specifically, Exhibits 1 and 2 to the Amended Complaint, which are together Exhibit 1 to this Memorandum, depict the statements on the Extra Stout cartons. See Am. Comp. ¶21. Exhibit 1 to the Motion to Dismiss, which is Exhibit 2 to this Memorandum, is defendant's application for a COLA and the COLA certification issued pursuant to it. The application for the COLA includes only two forms of the label on the Extra Stout bottles, which as indicated earlier each state in small print: "Brewed and bottled by Guinness Brewery Company, New Brunswick Canada. Product of Canada."[1] See Mot. To Dismiss (Docket No. 19-1) Ex. 1, which is Ex. 2 hereto. The application does not include a depiction of the Extra Stout carton which, like the label, states "Traditionally Brewed . . . St. James Gate Dublin," but, unlike the label, does not indicate in any way that it was brewed in Canada.[2]

The form which defendant submitted to the TTB is captioned "Application for and Certification/Exemption of Label Bottle Approval." The Application also refers only to the "label," and to "any wording (a) appearing on materials firmly affixed to the

---

[1] The application contains two versions of the label on Extra Stout bottles. One contains information concerning a refund in certain states if the bottle is returned for recycling. The other does not.

[2] There is a label in Ex. 2 that resembles the printing on the Extra Stout cartons, but includes the language "12 FL. OZS." This contributes to the court's current conclusion that the application for the COLA depicted only the labels on the bottle and not the statements on the carton. See Ex. 2.

10

container (e.g., caps, celoseals, corks, etc.) . . . ." This is added evidence from which a reasonable factfinder could conclude that defendants submitted only the labels on the Extra Stout bottle for approval, and that the TTB did not consider or approve the statements on the carton.

Moreover, plaintiff alleges that the small print "Product of Canada" statement on the back of the bottle is hidden by the carton. See Am. Compl. ¶36. A reasonable factfinder could also conclude that the TTB did not have the opportunity to decide whether this was true and, if so, caused the "label . . . in association with other printed or graphic matter" -- the carton -- to provide an "erroneous impression[] as to the . . . origin" of Extra Stout in violation of 27 C.F.R. §7.23(b). Therefore, the court now concludes that it erred in its March 29, 2018 decision to the extent that it understood that the statements on the Extra Stout carton had been submitted to the TTB for approval and by reasoning that, in any event, approval of a bottle's label necessarily constitutes approval of statements on the carton in which the bottle is contained. See Marty v. Anheuser-Busch Companies, LLC, 43 F. Supp. 3d 1333, 1341 (S.D. Fla. 2014). Therefore, the court is reinstating plaintiff's Chapter 93A claims that the statements on the carton are deceptive and, if the carton obscures the statements of origin on the labels on the bottles

inside at the point of purchase, the labels viewed in that context are deceptive.

III. THE MOTION TO AMEND

Plaintiff has moved to amend the complaint a second time to change the name of one defendant, to provide a new definition of the putative class, and to add a new claim. See Motion to Amend (Docket No. 47). For the reasons explained below, the motion is being allowed with respect to the name change and class definition, and denied without prejudice with respect to the proposed new claim concerning the Tariff Act, 19 U.S.C. §304, and certain regulations.

A. The Applicable Standard

Rule 15(a) provides that generally leave to amend must be "freely give[n]. . . when justice so requires." See Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be allowed unless there is an "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182 (emphasis added); see also Glassman v. Computervision Corp., 90 F. 3d 617, 622 (1st Cir. 1996). When considering whether an amendment would be futile, "the district court applies the same standard of legal sufficiency as

applies to a Rule 12(b)(6) motion." Glassman, 90 F.3d at 623. Galgana v. Wells Fargo Bank, N.A., No. CV 17-10924-MLW, 2018 WL 1542055, at *6 (D. Mass. Mar. 29, 2018), appeal dismissed, No. 18-1378, 2018 WL 5733664 (1st Cir. June 5, 2018).

As explained more fully in the March 29, 2018 Memorandum and Order, Docket No. 35 at 2-5, the court must deny a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the plaintiff shows "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). That is, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that defendants are liable for the misconduct alleged." Id. at 683. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007). The court "neither weighs the evidence nor rules on the merits because

the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996).

B. Analysis

1. Amendments to the Caption and Class Definition

First, plaintiff seeks to amend the current complaint to change the name of the defendant Diageo-Guinness, USA, Inc. to "Diageo Beer Company USA." See Mem. Supp. Mot. to Amend (Docket No. 47) at 4. This request was generated by defendants' joint answer to the First Amended Complaint, indicating that the name of Diageo-Guinness, USA had been changed on August 5, 2016. See Docket No. 40 at 1, n.1. The proposed amendment is, therefore, justified.

Second, plaintiff seeks leave to amend the class definition, proposing a more concise definition of both the putative nationwide class and the Massachusetts sub-class. See Mem. Supp. Mot. to Amend. at 4; see also Docket No. 47-1 (Second Amended Complaint) at ¶80. This proposed amendment is not opposed by defendants and appears to be appropriate. Therefore, it too is being allowed.

2. Amendment to Add Section 93A Claim based on Violations of the Tariff Act, 19 C.F.R. §134.46, and 21 C.F.R. §101.18

In addition, plaintiff seeks to add a new claim under Chapter 93A arising from alleged violations of: (1) the Tariff Act; (2) 19

14

C.F.R. §134.46; and (3) 21 C.F.R. §101.18.[3] Plaintiff contends that the March 29, 2018 decision that the Chapter 93A claims were barred by the Chapter 93A, §3 safe harbor does not apply to the Tariff Act because the Tariff Act has priority over any regulation, rule, or agency decision. See Mem. Supp. Mot. to Amend (Docket No. 47) at 5-7. Plaintiff also argues that 19 C.F.R. §134.46 and 21 C.F.R. §101.18 are federal laws that have priority over federal administrative rulings. Id. at 7.

In their opposition, defendants contend that the Tariff Act does not provide a private cause of action. They also assert that the plaintiff cannot indirectly litigate the meaning and requirements of the Tariff Act by basing Chapter 93A deceptive advertising claims on the Act. See Opp. to Mot. Amend. (Docket No. 49) at 8-12. With regard to 21 C.F.R. §101.18, a Food and Drug Administration ("FDA") regulation, defendants contend that the amendment is not justified because the FDA lacks jurisdiction over the labeling of alcoholic beverages. Id. at 7-8. Finally, defendants assert that even if the plaintiff could bring a state law claim based on the Tariff Act or the two regulations, defendants' conduct would still be within the Chapter 93A, §3 safe

---

[3] This new claim is Count IV in the proposed Second Amended Complaint. See Docket No. 47-1 at ¶¶133-48.

harbor because the proposed Count IV remains a state law claim. Id. at 12.[4]

The Tariff Act requires that:

> [E]very article of foreign origin (or its container, as provided in subsection (b) hereof) imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article.

19 U.S.C. §1304(a).

As plaintiff recognizes, "[t]here is no private right of action under the Tariff Act." See Mem. Supp. Mot. to Amend at 6, n.2; see also Potter v. Toei Animation Inc., 839 F. Supp. 2d 49, 53-54 (D.D.C. 2012), aff'd, No. 12-5084, 2012 WL 3055990 (D.C. Cir. July 18, 2012). Plaintiff argues, however, that a Chapter 93A claim can be based on an alleged violation of the Tariff Act. Id. at 5-6.

---

[4] In their opposition to the motion to amend, defendants also address the proposed amendments to Counts II and III of the proposed Second Amended Complaint (Docket No. 47-1), which are identical to Counts III and IV of the First Amended Complaint and are based on the assumption that the motion for reconsideration would be granted. As explained earlier, the Motion for Reconsideration is being allowed with respect to those counts to the extent that they allege that the statements on the carton are deceptive and, if the carton obscures the statements of origin on the labels on the bottles inside from the consumer at the point of purchase, the labels viewed in that context are deceptive. Accordingly, amendments to Counts II and III consistent with this Memorandum and Order are being authorized.

Plaintiff's proposed new claim based on the Tariff Act and regulations could have been alleged when this case was filed in 2015. Therefore, there is a serious question of whether the motion to amend should be denied because of undue delay -- an issue that the parties have not addressed. Plaintiff's Memorandum in Support of His Motion to Amend makes clear that he is attempting to assert a Chapter 93A claim based on the Tariff Act, 19 C.F.R. §134.46, and 21 C.F.R. §101.18, because the court dismissed his §93A claims concerning the Extra Stout carton based on the TTB's COLA. See Docket No. 47 at 5. As the motion to reconsider the dismissal of those claims is being allowed, those claims will be reinstated in the Second Amended Complaint. Therefore, plaintiff may no longer feel it is necessary or appropriate to attempt to pursue a claim based on the Tariff Act and regulations that may be futile and, in any event, will delay the progress of this case. Accordingly, the court is denying the motion to amend to add the Chapter 93A claim based on the Tariff Act and regulations because of undue delay in asserting it, without prejudice. If plaintiff wishes to attempt again to assert that claim, he shall file a renewed motion, supported by an affidavit and memorandum addressing, among other things, why the motion should not be denied because of undue delay and amplifying his arguments as to why the proposed amendment is not futile.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Reconsideration (Docket No. 44) is ALLOWED.

2. Plaintiff's Motion to Amend the First Amended Complaint (Docket No. 46) is ALLOWED with respect to the defendant's name in the case caption and amendments to the class definition. It is DENIED without prejudice with respect to the addition of a new Chapter 93A claim relating to the Tariff Act, 19 C.F.R. §134.46, and 21 C.F.R. §101.18. If plaintiff wishes to renew his motion to amend, he shall do so by April 19, 2019.

3. Plaintiff shall, by April 19, 2019, file a Second Amended Complaint that is consistent with the decisions in this Memorandum and Order. Defendants shall respond by May 6, 2019.

4. The Joint Motion to Amend Scheduling Order Deadlines (Docket No. 59) is DENIED without prejudice. The parties shall confer and file, jointly if possible, a proposed new schedule by May 6, 2019.

5. A scheduling conference shall be held on May 9, 2019, at 3:00 p.m. The plaintiff and a representative of defendants with full settlement authority shall attend.


UNITED STATES DISTRICT JUDGE