```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

KIERAN O'HARA, on behalf of    )
himself and all other          )
similarly situated             )
individuals,                   )
                               )
     Plaintiff                 )
                               )
          v.                   )   C.A. No. 15-14139-MLW
                               )
DIAGEO-GUINNESS, USA, INC.     )
and DIAGEO NORTH AMERICA,      )
INC.,                          )
     Defendants.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 17, 2021

For the reasons discussed at the March 15, 2021 hearing, it is hereby ORDERED that:

1. Defendants Diageo Beer Company USA and Diageo North America's Motion to Exclude Opinion of Plaintiff's Expert Stefan Boedeker (Dkt. No. 102) is DENIED without prejudice.

2. Plaintiff Kieran O'Hara's Motion to Exclude the Report of Defendants' Expert Keith R. Ugone (Dkt. No. 109) is DENIED without prejudice.

3. Plaintiff's Motion for Class Certification (Dkt. No. 84) is DENIED with prejudice to the extent that plaintiff seeks certification of a nationwide class for the negligent misrepresentation claims plaintiff has alleged. At the March 15, 2021 hearing, plaintiff acknowledged that it was his burden to show that each of the requirements of Federal Rule of Civil

Procedure 23 was satisfied. One of these requirements is that common issues of law or fact predominate over individual issues. See Fed. R. Civ. P. 23(b)(3). Other courts have found in comparable cases that common issues do not predominate because there are material differences in the standards for a negligent misrepresentation claim in various states. See Gianino v. Alacer Corp., 846 F.Supp.2d 1096, 1101-02 (C.D. Cal. 2012); In re Amla Litig., 282 F.Supp.3d 751, 762 (S.D.N.Y. 2017); Hughes v. The Ester C Co., 317 F.R.D. 333, 352 (E.D.N.Y. 2016); Nathan v. Whirlpool Corp., No. 3:19-CV-226, 2020 WL 5877574, at *7 (S.D. Ohio Oct. 2, 2020). Plaintiff did not address these variations and, in any event, failed to meet his burden with respect to predominance.

4. Plaintiff's Motion for Class Certification (Dkt. No. 84) is DENIED with prejudice to the extent that plaintiff seeks certification of a Massachusetts class for his negligent misrepresentation claims because reliance is an element of such claims under Massachusetts law and, therefore, they are not amenable to be resolved in a class action. See Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 471-72, 918 N.E.2d 36, 47-48 (2009) (justifiable reliance is an element of negligent misrepresentation); Mowbray v. Waste Mgmt. Holdings, Inc., 189 F.R.D. 194, 198 (D. Mass. 1999), aff'd, 208 F.3d 288 (1st Cir. 2000) (certification "inappropriate" where "individual

2

issue of reliance would [ ] need to be litigated"); 2 Newberg on Class Actions § 4:58 n.5 (collecting cases).

5. The parties shall, by March 29, 2021, confer and report concerning whether they have agreed to resolve this case.

6. If not, the parties shall, by April 5, 2021, file memoranda in support of their respective positions concerning whether the court should certify a statewide class for claims arising under M.G.L. Chapter 93A. In particular, the parties shall discuss the implications of Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 250, 255 (1st Cir. 2010), and Ferreira v. Sterling Jewelers, Inc., 130 F. Supp. 3d 471, 479 (D. Mass. 2015), for whether the plaintiff's alleged injury is cognizable under Chapter 93A.

7. Any replies shall be filed by April 12, 2021.

8. The parties shall order the transcript of the March 15, 2021 hearing on an expedited basis.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE