# **<u>Exhibit A</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| KIERAN O'HARA, on behalf of himself and all other similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| DIAGEO BEER COMPANY USA & DIAGEO NORTH AMERICA, INC. | ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 1:15-cv-14139-MLW

**<u>FIRST REVISED SETTLEMENT AGREEMENT AND RELEASE</u>**

## TABLE OF CONTENTS

RECITALS ...........................................................................................................................1

SETTLEMENT TERMS ....................................................................................................2

   1.  DEFINITIONS.............................................................................................................2

   2.  SETTLEMENT CONSIDERATION ..........................................................................5

   3.  CLAIMS PROCESS AND PAYMENT ......................................................................6

   4.  NOTICE PLAN, OPT-OUTS, AND OBJECTIONS .........................................................8

   5.  SETTLEMENT ADMINISTRATION .........................................................................10

   6.  SERVICE AWARD ....................................................................................................12

   7.  ATTORNEYS' FEES, COSTS, AND EXPENSES .......................................................12

   8.  PRELIMINARY APPROVAL .......................................................................................13

   9.  FINAL APPROVAL ....................................................................................................13

  10. MUTUAL RELEASES.................................................................................................14

  11. EFFECTIVE DATE AND TERMINATION ...................................................................15

  12. NO ADMISSION OF WRONGDOING ......................................................................16

  13. REPRESENTATIONS ...............................................................................................17

  14. WRITTEN NOTICE TO COUNSEL AND SETTLEMENT ADMINISTRATOR.........17

  15. MISCELLANEOUS PROVISIONS...........................................................................18

**Exhibit List**

Proposed Preliminary Approval Order ................................................................Exhibit 1

Notice ...........................................................................................................................

    Long Form Notice ...............................................................................Exhibit 2a

    Short Form Notice...............................................................................Exhibit 2b

    Claim Form ..........................................................................................Exhibit 2c

    Media Plan ...........................................................................................Exhibit 2d

Proposed Final Approval Order and Judgment................................................Exhibit 3

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is made by and between, as hereinafter defined, (a) Settlement Class Representative Plaintiff Kieran O'Hara ("Plaintiff" or "Settlement Class Representative") on behalf of himself and the Settlement Class, and (b) Defendants Diageo Beer Company USA (formerly Diageo-Guinness USA, Inc.) and Diageo North America, Inc. ("Defendants") (collectively, the "Parties").  This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted in the litigation styled: *O'Hara v. Diageo Beer Company USA*, Civil Action No. 1:15-cv-14139-MLW (the "Action").

## RECITALS

WHEREAS, on December 15, 2015, Plaintiff Kieran O'Hara filed a putative class action complaint, alleging generally that Defendants falsely advertised Guinness Extra Stout as being produced and imported from Ireland when, in fact, it was produced and imported from Canada.

WHEREAS, on September 3, 2015, Defendants had stopped producing Guinness Extra Stout in Canada and moved production to Ireland, where it remains through the present day.

WHEREAS, on January 14, 2016, Plaintiff filed a first amended complaint in this Action.

WHEREAS, on March 21, 2016, Defendants filed a motion to dismiss the first amended complaint, which the Court granted, in part, and denied, in part, on March 29, 2018.

WHEREAS, on June 15, 2018, Plaintiff filed a motion for reconsideration of a portion of the Court's decision on the motion to dismiss, which the Court granted on March 30, 2019.

WHEREAS, on April 16, 2019, the Plaintiff filed the second amended complaint, which Defendants answered on May 6, 2019.

WHEREAS, the Parties engaged in extensive fact and expert discovery over the course of this Action.

WHEREAS, on September 18 and 19, 2019, the Parties participated in a two-day mediation, overseen, and conducted by the Hon. Margaret R. Hinkle (ret.); however, the Parties were unable to resolve the case at that time.

WHEREAS, on December 23, 2019, Class Counsel filed a motion to certify certain classes pursuant to Federal Rule of Civil Procedure 23, Defendants filed an opposition to that motion and a *Daubert* motion, and Plaintiff filed a reply in support of his motion and a *Daubert* motion.

WHEREAS, on March 17, 2021, the Court denied Plaintiff's motion for class certification with respect to a nationwide or Massachusetts class for Plaintiff's misrepresentation claim.  The Court directed the Parties to confer and report as to whether they had agreed to resolve the case, and if not, to submit additional briefing.

WHEREAS, Defendants deny any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that the Defendants have asserted or would assert, or to the requirements of Federal Rule of Civil Procedure 23 and whether Plaintiff satisfies those requirements.

WHEREAS, based upon their substantial investigation and pretrial discovery as set forth above, Class Counsel and Plaintiff have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class Representative and Settlement Class Members (defined below) and are in their best interests, and have agreed to settle the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Agreement after considering (a) the benefits that Settlement Class Members will receive from the Settlement, (b) the uncertain outcome and attendant risks of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of this Agreement.

WHEREAS, it is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.  NOW, THEREFORE, without any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendants, or any admission or concession of the lack of merit of this Action whatsoever by Plaintiff, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

## SETTLEMENT TERMS

## 1.    DEFINITIONS

As used in this Agreement, the following terms shall be defined as follows:

1.1    "Action" means *O'Hara v. Diageo Beer Company USA, et al.*, Civil Action No. 1:15-cv-14139-MLW (previously *O'Hara v. Diageo-Guinness, USA, Inc.*, Civil Action No. 1:15-cv-14139-MLW) (the "Action").

1.2    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits.

1.3     "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.4    "Claims Deadline" means 90 days after the Notice Date, by which Settlement Class Members must submit a claim to obtain the Class Benefit described in Section 2 of this Agreement.

1.5    "Claim Form" means the form, attached here as Exhibit 2c, that Settlement Class Members must submit to the Settlement Administrator in order to obtain the Class Benefit described in this Agreement.

1.6    "Claims Period" means the period of time ending 90 calendar days after the Notice Date.

1.7    "Class Benefit" means the monetary payment described in Section 2, available to Settlement Class Members who meet eligibility requirements and submit a timely and valid Claim Form.

1.8    "Class Counsel" means Lead Class Counsel and any other lawyer or law firm representing the Plaintiff in this Action.

1.9    "Class Period" means December 15, 2011 through September 3, 2015, inclusive.

1.10    "Court" means the Hon. Mark L. Wolf of the United States District Court for the District of Massachusetts.

1.11    "Defendants" means Diageo Beer Company USA (formerly Diageo-Guinness USA, Inc.) and Diageo North America, Inc.

1.12    "Defendants' Counsel" means Hunton Andrews Kurth LLP and any other lawyer or law firm representing the Defendants in this Action.

1.13    "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 11.

1.14    "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Fairness Hearing, which finally approves the Settlement and dismisses Defendants with prejudice and without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached hereto as Exhibit 3.

1.15    "Final Fairness Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.16    "Fraudulent Claims" means any Claim Forms that the Settlement Administrator determines in good faith contain indicia of fraud, deceit, or other invalidity, including but not limited to any attempts to bypass the terms and limitations set out in this Agreement regarding Claim Forms, the Settlement Class, or Proof of Purchase.

1.17    "Lead Class Counsel" means the law firm of Forrest, Mazow, McCullough, Yasi & Yasi, P.C.

1.18    "Notice" or "Settlement Notice" means notice of the proposed class action settlement to be provided to Settlement Class Members pursuant to the Notice plan (see Section 4) approved by the Court in connection with preliminary approval of the Settlement, substantially in the forms attached hereto as Exhibit 2.

1.19   "Notice Date" means the first date on which Notice is disseminated to Settlement Class Members, but not later than (30) days after entry of the Preliminary Approval Order.

1.20   "Notice of Missing or Inaccurate Information" means the notice sent by the Settlement Administrator to a claimant who has submitted a Claim Form with inaccurate, disqualifying, incomplete or missing information that is required for the claimant to be considered eligible for the Class Benefit provided by this Settlement.

1.21   "Objection/Opt-Out Deadline" means the date to be set by the Court as the deadline for Settlement Class Members to submit Objections and Opt-Out Requests. The Parties shall request that the Court set an Objection/Opt-Out Deadline sixty (60) days after the Notice Date.

1.22   "Objection" means a written objection to the Settlement Agreement, as provided in Section 4 of this Agreement, submitted by Settlement Class Members that must (1) state the basis of the Objection and all required information from the Settlement Notice; (2) be mailed to Class Counsel and Defendants' Counsel; and (3) be postmarked and filed with the Court by the Objection/Opt-Out Deadline.

1.23   "Opt-Out Request" is the written communication that a Settlement Class Member must submit (electronically or by mail) to the Settlement Administrator by the Objection/Opt-Out Deadline in order to opt-out of the Settlement as provided for in Section 4 below.

1.24   "Parties" means the Plaintiff/Settlement Class Representative, on behalf of himself and the Settlement Class, and Defendants.

1.25   "Plaintiff" means Kieran O'Hara, who was named as the Plaintiff in this Action.

1.26   "Preliminary Approval Order" means an order by the Court that preliminarily certifies a Settlement Class, approves the Settlement, including but not limited to the forms and procedure for providing notice to the Settlement Class, establishes a procedure for Settlement Class Members to object to or opt-out of the Settlement, and sets a date for the Final Fairness Hearing, without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached hereto as Exhibit 1.

1.27   "Proof of Purchase" means the receipt, invoice, or UPC from the Guinness Extra Stout purchased, or other similar type of documentation evidencing the purchase of Guinness Extra Stout by the Settlement Class Member.

1.28   "Released Claim" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fee and cost, action or cause of action, of every kind or description—whether known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—related to or arising from any of the facts alleged in the Action.

-4-

1.29    "Service Award" or "Incentive Award" means the compensation awarded and paid to the Settlement Class Representative in recognition of his role in this litigation, as set forth in Section 6.

1.30    "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.31    "Settlement Administrator" means Kroll Settlement Administration.  Class Counsel and Defendants may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.32    "Settlement Class" means all individuals who purchased a six-pack or twelve-pack or Guinness Extra Stout in the Commonwealth of Massachusetts between December 15, 2011 and September 3, 2015.  The Settlement Class excludes any individuals who purchased Guinness Extra Stout for resale, including distributors and retailers.  In addition, the following are excluded from the Settlement Class: (i) Defendants, (ii) any entity in which Defendants have a controlling interest, (iii) Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; and (iv) any individual who timely and validly opts-out of the Settlement Class.

1.33    "Settlement Class Member" means a member of the Settlement Class.

1.34    "Settlement Class Representative" means Plaintiff Kieran O'Hara.

1.35    "Settlement Website" means a website established by the Settlement Administrator to provide information about the Settlement and permit the submission of claims. At a minimum, the following information shall be posted on the Settlement Website:  A copy of the second amended complaint publicly available through PACER; this Settlement Agreement; Plaintiff's motion for preliminary approval of class action settlement; Notice; Claim Forms (with the ability to electronically submit the Claim Forms); and, after filing, Plaintiff's motion for attorneys' fees, expenses, and service award, and Plaintiff's motion for final approval.

## 2.    SETTLEMENT CONSIDERATION

2.1    To each Settlement Class Member who follows the procedures set forth in Section 3 of this Settlement Agreement and who submits a valid Claim Form and attestation of his or her purchase under penalty of perjury, Defendants will pay a monetary benefit as follows:

    (a)    **Without Proof of Purchase.** For a Settlement Class Member who submits a valid Claim Form without Proof of Purchase, but who submits attestation of his or her purchase of Guinness Extra Stout in the Commonwealth of Massachusetts between December 15, 2011 and September 3, 2015 under penalty of perjury, Defendants shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to a maximum of $10.00 per household.

(b) **With Proof of Purchase.** For a Settlement Class Member who submits a valid Claim Form, along with Proof of Purchase establishing purchase of Guinness Extra Stout in the Commonwealth of Massachusetts between December 15, 2011 and September 3, 2015, Defendants shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to a maximum of $20.00 per household.

2.2 For purposes of Section 2, individuals residing in the same household are limited to one claim per household and shall not be permitted to submit multiple claims for each member of the household.

## 3.   CLAIMS PROCESS AND PAYMENT

**Submission of Claims**

3.1 To be eligible to receive the Class Benefit under the Settlement Agreement, Settlement Class Members must submit a claim to the Settlement Administrator by completing, certifying, and submitting the Claim Form (see Ex. 2c) on the Settlement Website or sending the Claim Form via mail to the Settlement Administrator's mailing address.

3.2 The Claim Form must be electronically submitted or postmarked no later than the Claims Deadline.  Claim Forms submitted after the Claims Deadline shall be denied by the Settlement Administrator, and Defendants will not be obligated to make any payment on such claims.

3.3 No Claim Form will be deemed valid unless it is signed (physically or electronically) by the Settlement Class Member under penalty of perjury, and is submitted on or before the Claims Deadline.

**Review of Claims**

3.4 The Settlement Administrator shall review all submitted Claim Forms within a reasonable time to determine each Settlement Class Member's eligibility for the Class Benefit, and the amount of such relief, if any. Copies of submitted Claim Forms shall be provided to Defendants' Counsel and to Class Counsel upon request. Settlement Class Members who submit valid Claim Forms shall be entitled to relief as set forth in Section 2 of this Settlement Agreement. Settlement Class Members who submit Claims Forms that do not meet the eligibility requirements described herein shall not be entitled to such relief.

3.5 The Settlement Administrator will track Claim Forms with unique security identifiers or control numbers issued to individuals who seek to file a claim.

**Invalid/Fraudulent Claims**

3.6 The Settlement Administrator shall have the ability to utilize all reasonable and appropriate anti-fraud measures and reject claims it determines, based on its

reasonable judgment, to present indicia of fraud, subject to review by Class Counsel and, if requested by Class Counsel, the Court.

3.7    The Settlement Administrator shall notify any claimant via email of a rejection.

3.8    If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within 10 Business Days from receipt of the rejection, email the Settlement Administrator a notice and statement of reasons indicating the grounds for contesting the rejection along with any supporting documentation, requesting further review by the Settlement Administrator, in consultation with Defendants' Counsel and Class Counsel, of denial of the claim.

3.9    The Settlement Administrator, in consultation with Defendants' Counsel and Class Counsel, shall notify the claimant of its decision by email within 10 Business Days from receipt of the claimant's reply contesting the rejection.

3.10   If the rejection is upheld, the claimant shall have 10 Business Days from receipt of that notice to file a motion with the Court disputing the rejection.

**Incomplete or Inaccurate Claim Forms**

3.11   Submitted Claim Forms containing inaccurate or disqualifying information, and/or submitted Claims Forms omitting required information (not including Claim Forms that present indicia of fraud and are subject to Sections 3.6 to 3.10) shall be returned via email by the Settlement Administrator to the Settlement Class Member's email address indicated on the Claim Form as part of a Notice of Missing or Inaccurate Information.

3.12   Settlement Class Members whose Claim Forms are returned shall have until the end of the Claims Period, or 30 days from when the Notice of Missing or Inaccurate Information was emailed, whichever is later, to reply to the Notice of Missing or Inaccurate Information and provide a revised Claim Form that includes all required information.

3.13   If a Settlement Class Member fails to respond by the end of the Claims Period or within 30 days from when the Notice of Missing or Inaccurate Information was emailed, whichever is later, or the Settlement Administrator is unable to return the submitted Claim Form as a result of the omitted information, the Settlement Administrator will reject such Settlement Class Member's claim, and Defendants will not be obligated to make any payment on such claim.

**Provision of Class Benefit**

3.14   All Settlement Class Members who are eligible and who submit a valid Claim Form shall be sent cash awards by the Settlement Administrator within forty-five (45) days of the Effective Date (see Section 11).  Defendants shall pay the Settlement Administrator the aggregate value of all cash awards to be distributed to Settlement Class Members no later than thirty (30) days after the Effective Date. All cash

awards to Settlement Class Members will be in the form of electronic payment or checks.

## 4.    NOTICE PLAN, OPT-OUTS, AND OBJECTIONS

**Notice Plan**

4.1    Settlement Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable law, and shall otherwise be in the manner and form approved by the Court.

4.2    The Parties agree that the content of the Settlement Notice will be substantially in the forms attached to this Agreement as Exhibit 2a (long-form Notice) and Exhibit 2b (short-form Notice).

4.3    Upon preliminary approval of this Agreement, Settlement Notice shall be made as follows:

(a)    Website Notice: On the Settlement Website, the Settlement Administrator will post links to the Settlement Notice, this Settlement Agreement, the Claim Form, and information relating to filing a claim, objecting to the Settlement, opting out of the Settlement, and deadlines relating to the Settlement.

(b)    Other Internet Notice:  The Settlement Administrator will purchase Internet banner notice ads that will allow access to the Settlement Website through an embedded hyperlink contained within the banner notice ad.  As more fully described in the Settlement Administrator's media plan, *see* Ex. 2d, banner notice ads will be served over desktop display, mobile, and tablet on a programmatic platform across multi-channel and inventory sources.  The ads will target beer drinkers, including Guinness drinkers, in Massachusetts and Google keyword and search topics including, but not limited to, Guinness Extra Stout, Guinness settlement, Guinness class action, Guinness, and more.  The Settlement Administrator will also include a Facebook, Instagram, and Twitter ad campaign targeting Massachusetts users who follow Guinness's Facebook pages, Instagram pages, and Twitter handles, as well as other relevant webpages.

**Opt-Outs**

4.4    The Notice shall explain the procedure for Settlement Class Members to opt-out of the Settlement Class by notifying the Settlement Administrator in writing, through electronic submission or via mail postmarked no later than the Objection/Opt-Out Deadline.  Each written Opt-Out Request must set forth the name, current address and telephone number of the individual seeking to opt-out (and if applicable, any

other Settlement Class Member in his or her household) and can only opt-out for that one individual (and any other Settlement Class Member in his or her household). The written Opt-Out Request must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

4.5    Any Settlement Class Member whose request to opt-out of the Settlement Class is approved by the Court will not be bound by this Settlement Agreement or have any right to object, appeal, or comment thereon.

4.6    Settlement Class Members who fail to submit a valid and timely Opt-Out Request on or before the Objection/Opt-Out Deadline shall be bound, to the extent allowed by law, by all terms of the Settlement Agreement and any Judgment entered in the Action if the Settlement Agreement is approved by the Court, regardless of whether they have requested to opt-out from the Class.

4.7    As provided in Section 11.3, Defendants may unilaterally terminate this Settlement Agreement if more than 150 Settlement Class Members submit valid opt-outs.

**Objections**

4.8    The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written Objections to the Court no later than the Objection/Opt-Out Deadline. The written Objection must be served on Class Counsel and Defendants' Counsel. The written Objection must include:

(a)    The objector's name, address, and personal signature;

(b)    A statement of factual and legal grounds for the Objection;

(c)    A statement indicating the basis for the objector's belief that he, she, or it is a Member of the Settlement Class (*i.e.*, verification under penalty of perjury as to the date and location of the Settlement Class Member's purchase of Guinness Extra Stout or a Proof of Purchase);

(d)    A statement identifying the number of class action settlements objected to by the Settlement Class Member in the last five years or an affirmative statement that the Settlement Class Member has objected to no such settlements in the last five years;

(e)    A statement whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number.

4.9    In addition to the foregoing, if the Settlement Class Member who files a written Objection is represented by counsel and such counsel intends to speak at the Final Fairness Hearing, the written Objection must include a detailed statement of the specific legal and factual basis for each and every Objection and a detailed

description of any and all evidence the objecting Settlement Class Member may offer at the Final Fairness Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Final Fairness Hearing. The Notice will also state that any Settlement Class Member who does not file and serve a timely and adequate notice of intent in accordance with this Section (*see* 4.8(e)) waives the right to object or to be heard at the Final Fairness Hearing.

4.10   Settlement Class Members who fail to file and timely serve written Objections in the manner specified above shall be deemed to have waived any Objections and shall be foreclosed from making any Objection (whether by appeal or otherwise) to the Settlement Agreement and shall be bound, to the extent allowed by law, by the terms of the Settlement Agreement.

4.11   Class Counsel and Defendants shall have the right to respond to any Objection prior to the Final Fairness Hearing.

4.12   The Parties and their counsel agree to use their best efforts to carry out this Agreement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage any Party or Settlement Class Member to submit Objections or Opt-Out Requests from this Agreement, or to appeal from the Court's Judgment.

## 5.   SETTLEMENT ADMINISTRATION

5.1   All costs of administering the Settlement and for disseminating Notice in accord with the Notice plan as described herein shall be paid by Defendants.

5.2   The Settlement Administrator shall perform the functions specified in this Agreement and its exhibits, including, but not limited to, overseeing administration of the Class Benefit; providing Notice to Settlement Class Members as provided in this Agreement; establishing and operating the Settlement Website and a toll-free number; and administering the claims processes. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation:

(a)   Arranging, as set forth in this Section and in the Preliminary Approval Order, for distribution of Settlement Notice (in the form approved by the Court) and Claims Forms (in the form approved by the Court) to Settlement Class Members,

(b)   Establishing and maintaining the Settlement Website that, among other things, allows Settlement Class Members to submit claims electronically;

(c)   Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

(d)   Responding to any emailed Settlement Class Member inquiries;

(e)     Processing all Opt-Out Requests from the Settlement Class;

(f)     Providing weekly reports and, no later than ten (10) days after the deadline for Settlement Class Members to opt-out of the Settlement, provide a final report to Class Counsel and Defendants' Counsel that summarizes the number of Opt-Out Requests received that week, the total number of Opt-Out Requests received to date, and other pertinent information as requested by Class Counsel and Defendants' Counsel;

(g)     In advance of the Final Fairness Hearing, preparing affidavits to submit to the Court that:  (i) attest to implementation of the Notice plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided Opt-Out Requests from the Settlement Class;

(h)     Providing weekly reports and a final report to Class Counsel and Defendants' Counsel that summarize the number and amount of claims since the prior reporting period, the total number and amount of claims received to date, the number and amount of any claims approved and denied since the prior reporting period, the total number and amount of claims approved and denied to date, and other pertinent information as requested by Class Counsel and Defendants' Counsel;

(i)     Distributing payments to Settlement Class Members, and

(j)     Otherwise assisting with implementation and administration of the Settlement Agreement terms.

5.3     The Settlement Administrator, subject to such supervision and direction of the Court and/or Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Class Benefit to Settlement Class Members pursuant to this Agreement.

5.4     The Settlement Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Class Benefit and amounts paid under the Settlement.

5.5     The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement.

5.6     Each Settlement Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds pursuant to this Agreement.

5.7     Defendants and their counsel shall not have any responsibility for or liability whatsoever with respect to any act, omission, or determination of Class Counsel,

the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; Defendants also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Settlement.

5.8     The Settlement Class Representatives and Class Counsel shall not have any liability whatsoever with respect to any acts taken pursuant to the terms of this Agreement, including, but not limited to any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise.

## 6.     SERVICE AWARD

6.1     Class Counsel shall petition the Court for, and Defendants shall not oppose, a Service Award in an amount of seven thousand and five hundred dollars ($7,500.00) to the Settlement Class Representative, in recognition of his efforts on behalf of the Settlement Class. The Court's award of any Service Award shall be separate from its determination of whether to approve the Settlement as set forth in this Agreement.

6.2     A Service Award approved by the Court shall be paid by Defendants within thirty (30) days after the Court's order approving the Settlement becomes final if no appeal is taken or, if an appeal is taken, within thirty (30) days after Plaintiff notifies Defendants that all appeals have expired or been exhausted in such a manner as to affirm the Court's order.

6.3     In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

## 7.     ATTORNEYS' FEES, COSTS, AND EXPENSES

7.1     Class Counsel shall apply to the Court for payment or an award of attorneys' fees, costs and expenses, including expert fees, no greater than $1.5 million.  Defendants will not oppose or undermine the application or solicit others to do so.

7.2     Attorneys' fees, costs and expenses approved by the Court shall be paid by Defendants by wire transfer to Lead Class Counsel within thirty (30) days after the Court's order approving the Settlement and fee award becomes final if no appeal is taken or, if an appeal is taken, within thirty (30) days after Plaintiff notifies Defendants that all appeals have expired or been exhausted in such a manner as to affirm the Court's order.

7.3     Neither Plaintiff nor any Settlement Class Member may reject or abandon the Settlement if the Court awards less than the amount requested by Class Counsel.

Instead, if the Court approves the Settlement but awards a lower amount of fees and costs, the Settlement will go forward and Defendants will pay the amount awarded by the Court.

7.4     The fee award shall be the total obligation of Defendants to pay for attorneys' fees, costs, and/or expenses of any kind (including, but not limited to, travel, filing fees, court reporter and videographer expenses, expert fees and costs, notice of pendency costs and expenses, and document review and production costs) related to this Action.

7.5     Lead Class Counsel shall have sole responsibility for distributing any attorneys' fees, costs, and expenses to other Class Counsel.  Defendants shall have no responsibility, interest in, or liability whatsoever with respect to any allocation among Class Counsel of attorneys' fees, costs, and expenses, other than to pay the amount ordered by the Court, and no Class Counsel or other attorney may seek from the Court or any other Court any payment from Defendants in connection with the Settlement or this Action.

7.6     The finality or effectiveness of the Settlement will not be dependent on the Court awarding Class Counsel any particular amount of attorneys' fees and expenses.  In the event the Court declines to approve, in whole or in part, the payment of the attorneys' fees and expenses in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of this Agreement.

## 8.     PRELIMINARY APPROVAL

8.1     As soon as reasonably practicable after signing this Agreement, the Settlement Class Representative and Class Counsel will file a motion for preliminary approval of the Settlement with the Court.  Contemporaneously with or as part of that motion, the Settlement Class Representative and Class Counsel will move for certification of the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3). Defendants reserve the right to contest any motion to certify a class for any purpose other than settlement of the Action.

8.2     Class Counsel shall apply to the Court for entry of the Preliminary Approval Order attached hereto as Exhibit 1.  The Preliminary Approval Order shall include approval of the form of notice provided to Settlement Class Members.

## 9.     FINAL APPROVAL

9.1     Prior to the Final Fairness Hearing, Class Counsel shall petition the Court for a Final Approval Order and Judgment that would:

(a)     Confirm the certification of the Settlement Class as defined above;

(b)     Dismiss this Action, with prejudice, upon the Effective Date;

(c)     Decree that neither the Final Approval Order and Judgment nor this Agreement constitutes an admission of liability, fault or wrongdoing;

(d)     Release the released Parties from the Released Claims of the releasing Parties;

(e)     Find that this Agreement is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class Members; and

(f)     Make such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

9.2     The Court shall conduct a Final Fairness Hearing so that the Court may review any Objections to this Agreement, consider the fairness, reasonableness and adequacy of this Agreement and consider the Parties' petition for Final Approval Order and Judgment and Class Counsel's application for a fee award and for the Settlement Class Representative's Service Award. The date of the Final Fairness Hearing shall be posted on the Settlement Website in advance of the hearing. If the date of the Final Fairness Hearing is subsequently modified by the Court, no further notice is required to be published to Settlement Class Members, except that, the Parties will notify any Settlement Class Member who has filed a timely Objection in writing of any change to the date of the Final Fairness Hearing.

9.3     The Final Approval Order and Judgment shall provide that this Action shall be dismissed with prejudice no later than ten (10) Business Days after the Effective Date.

## 10. MUTUAL RELEASES

10.1     As of the Effective Date, the Settlement Class Representative and all Settlement Class Members absolutely and unconditionally release and discharge any and all Released Claims against each and every Defendant, and their current, former, and future affiliates, parents, and subsidiaries as it relates to any matters that were raised or could have been raised in this Action, including the sale and advertisement of Guinness Extra Stout during the Class Period.

10.2     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts.  The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises or representations made by anyone other than those embodied herein.

10.3 With respect to Released Claims, the Settlement Class Representative and each of the other Settlement Class Members who have not validly opted out of this Settlement agree that they are releasing any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fee and cost, action or cause of action, of every kind or description—whether known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—related to or arising from any of the facts alleged in the Action.

10.4 The Settlement Class Representative and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

10.5 Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

## 11. EFFECTIVE DATE AND TERMINATION

11.1 The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

(a) Defendants and Class Counsel execute this Agreement;

(b) The Court enters the Preliminary Approval Order, without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached hereto as Exhibit 1;

(c) Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d) The Claims Deadline has expired;

(e) The Court enters the Final Approval Order and Judgment, without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached hereto as Exhibit 3; and

(f) The Final Approval Order and Judgment has become final because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

11.2    In the event that the Court declines to enter the Preliminary Approval Order as specified in Section 11.1(b), declines to enter the Final Approval Order and Judgment as specified in Section 11.1(d), or the Final Approval Order and Judgment does not become final as specified in Section 11.1(e), the Parties may, at their sole discretion subject to Section 7.3, terminate this Agreement on five (5) Business Days written notice from Counsel to the opposing Party's Counsel.  For avoidance of doubt, Defendants may not terminate this Agreement while an appeal from an order granting final approval and/or allowing Plaintiffs' petition for fees and costs is pending.

11.3    Defendants may unilaterally terminate this Settlement Agreement if more than one-hundred and fifty (150) Settlement Class Members submit valid opt-outs. If Defendants elect to terminate this Settlement under this paragraph, Defendants must provide written notice to Class Counsel, by email within ten (10) days of the occurrence of the condition permitting termination.

11.4    Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Actions immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  In addition, the Parties agree that in the event the Settlement is terminated:

(a)    any Court orders preliminarily or finally approving certification of the Settlement Class and any other orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion;

(b)    this Agreement shall become null and void, and the fact of this Settlement and that Defendants did not oppose certification of any class under this Settlement, shall not be used or cited by any person or entity, including in any contested proceeding relating to certification of any proposed class; and

(c)    no Party shall seek to recover from another any attorneys' fees, costs, and expenses incurred in connection with this Settlement.

11.5    No later than ten (10) Business Days after the Effective Date, the Action shall be voluntarily dismissed with prejudice by Class Counsel.

## 12.    NO ADMISSION OF WRONGDOING

12.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)     shall not be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim that has been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of any Defendant;

(b)     shall not be offered or received against any Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)     shall not be offered or received against any Defendant as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against any Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against any Defendant as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by any Defendants have any merit.

## 13.    REPRESENTATIONS

13.1    Each Party represents that (i) such Party has full legal right, power and authority to enter into and perform this Agreement, subject to Court approval, (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party, (iii) this Agreement constitutes a valid, binding and enforceable agreement, and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 14.    WRITTEN NOTICE TO COUNSEL AND SETTLEMENT ADMINISTRATOR

14.1    All notices to Class Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

**Kevin McCullough**
FORREST, MAZOW, MCCULLOUGH, YASI & YASI, P.C.
Two Salem Green, Suite 2
Salem, MA 01970
(877) 599-8890
Email:  kmccullough@forrestlamothe.com

14.2    All notices to Defendants or Defendants' Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

**Samuel A. Danon**
HUNTON ANDREWS KURTH LLP
Wells Fargo Center
Suite 2400
333 SE 2nd Avenue
Miami, FL 33131
(305) 810-2500
Email: sdanon@huntonak.com

14.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail to the following:

**James R. Prutsman**
Kroll Settlement Administration
1515 Market Street
Suite 1700
Philadelphia, PA 19102
(405) 751-7057
Email: jprutsman@hefflerclaims.com

14.4    The notice recipients and addresses designated in this Section may be changed by written notice.

## 15.    MISCELLANEOUS PROVISIONS

15.1    <u>Further Steps and Best Efforts</u>.  The Parties agree to cooperate in good faith and use their best efforts to effectuate all their respective obligations under the Agreement and to undertake any required steps to effectuate the purposes and intent of this Agreement, including obtaining preliminary and final Settlement approval, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable.

15.2    <u>Representation by Counsel</u>.  The Settlement Class Representative and Defendants represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review

independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

15.3 <u>Contractual Agreement</u>.  The Parties understand and agree that all terms of this Agreement, including the exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

15.4 <u>Integration</u>.  This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

15.5 <u>Communications with Settlement Class Members</u>.  Defendants reserve the right to continue any and all ordinary-course-of-business communications with Settlement Class Members.  Should it become evident in the course of any such communication that a Settlement Class Member is inquiring regarding the Settlement memorialized in this Agreement, Defendants shall refer the inquiry to Class Counsel.

15.6 <u>Communications Regarding the Litigation</u>.  From the date on which the motion for preliminary approval has been filed until the Effective Date, the Parties agree to limit their public statements concerning the Action, the Agreement, and/or the Parties' compliance therewith to making statements that do not undermine approval of the Settlement.

15.7 <u>Authorization to Enter Agreement</u>.  The Parties warrant and represent they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Settlement Class Representative further warrants and represents that he has not designated, hypothecated, transferred, or otherwise granted any interest in the Released Claims to any other person or entity.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement embodied in this Agreement, the Parties shall mediate the disagreement.  The Parties shall not seek the Court's intervention until they have exhausted the mediation process.

15.8 <u>No Additional Persons with Financial Interest</u>.  Defendants shall not be liable for any additional attorneys' fees, costs, and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member, other than what is expressly provided for in this Agreement.

15.9    <u>Drafting</u>.  The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*.  This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power.  Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties.  The Parties expressly waive any presumption under any law of any state of the United States or principle of common law that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

15.10   <u>Waiver of Objections by the Settlement Class Representative</u>.  The Settlement Class Representative agrees not to object to any of the terms of this Agreement.

15.11   <u>Modification or Amendment</u>.  This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all persons who executed this Agreement or their successors-in-interest.

15.12   <u>Waiver</u>.  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

15.13   <u>Severability</u>.  Should any part, term or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

15.14   <u>Successors</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

15.15   <u>Survival</u>.  The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

15.16   <u>Governing Law</u>.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Massachusetts, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

15.17   <u>Interpretation</u>.

(a)     Definitions apply to the singular and plural forms of each term defined.

(b)     Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(c)     Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

15.18   No Precedential Value.  The Parties agree and acknowledge that this Agreement carries no precedential value.

15.19   Fair & Reasonable.  The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

15.20   Retention of Jurisdiction.  The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

15.21   Headings.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

15.22   Exhibits.  The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

15.23   Counterparts.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

15.24   Facsimile and Electronic Mail.  Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

15.25   No Assignment.  Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

15.26   Non-Disparagement.   The Settlement Class Representative, Class Counsel, Defendants, and Defendants' Counsel agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or oral, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.   The Settlement Class Representative, Defendants, and their respective counsel may issue press releases in connection with the filing of the motion for preliminary approval of this Settlement.

15.27   <u>Compliance with Ethical Obligations</u>.  The Settlement Class Representative, Class Counsel, Defendants, and Defendants' Counsel agree that, throughout the course of the Actions, each of them complied with the provisions of Rule 11 of the Federal Rules of Civil Procedure.

15.28   <u>This Agreement Supersedes Prior Version.</u>   This First Revised Settlement Agreement and Release supersedes and replaces the Parties' prior signed Settlement Agreement and Release.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:


LEAD CLASS COUNSEL ON BEHALF OF THE SETTLEMENT CLASS

/s/ *Kevin J. McCullough*

_____

**Kevin McCullough**
FORREST, MAZOW, MCCULLOUGH, YASI & YASI, P.C.
Two Salem Green
Suite 2
Salem, MA 01970
(877) 599-8890
Email: kmccullough@forrestlamothe.com
June 18, 2021


DEFENSE COUNSEL, ON BEHALF OF DIAGEO BEER COMPANY USA AND DIAGEO NORTH AMERICA, INC.

s/s *Samuel A. Danon*

_____

**Samuel A. Danon**
HUNTON ANDREWS KURTH LLP
Wells Fargo Center
Suite 2400
333 SE 2nd Avenue
Miami, FL 33131
(305) 810-2500
Email: sdanon@huntonak.com
June 18, 2021