# **Exhibit B**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIERAN O'HARA, on behalf of himself and all other similarly situated individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>DIAGEO BEER COMPANY USA & DIAGEO NORTH AMERICA, INC.<br><br>        Defendants. | Civil Action No. 1:15-cv-14139-MLW |

**[PROPOSED]**
**ORDER GRANTING MOTION FOR FINAL APPROVAL AND JUDGMENT OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff Kieran O'Hara's ("Plaintiff" or "Settlement Class Representative") motion for final approval of the class action settlement and entry of judgment. Plaintiff, individually and on behalf of the proposed settlement class, and Defendants Diageo Beer Company USA and Diageo North America, Inc., have entered into a Settlement Agreement and Release ("Settlement Agreement") (ECF No. 147, Exhibit 2) that settles the above-captioned litigation.

On June 28, 2021, the Court granted *Plaintiff's Motion for Preliminary Approval Of Class Action Settlement*, conditionally certifying a Settlement Class pursuant to Fed. R. Civ. P. 23 of:

> All individuals who purchased a six-pack or twelve-pack of Guinness Extra Stout in the Commonwealth of Massachusetts between December 15, 2011, and September 3, 2015.

> The Settlement Class excludes any individuals who purchased Guinness Extra Stout for resale, including distributors and retailers. The following are also excluded from the Settlement Class: (i) Defendants, (ii) any Entity in which Defendants have a controlling interest, (iii) Defendants' officers, directors, legal representatives, Successors, Subsidiaries, and assigns; and (iv) any individual who timely and validly opts-out of the Settlement Class.

See, ECF No. 148.

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Fairness Hearing to determine, among other things: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice.

The Court, having considered the Parties' Settlement Agreement, as well as *Plaintiff's Motion for Final Approval of the Settlement Agreement*; Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Service Award (ECF No. 155) together with all exhibits, the arguments and authorities presented by the Parties and their counsel at the Final Fairness Hearing held on October 7, 2021, and the record in the Action, and finding good cause shown, HEREBY ORDERS AS FOLLOWS:

1.     Terms and phrases in this Final Approval Order and Judgment shall have the same meaning as ascribed to them in the Parties' Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.     The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval—including (i) the creation of the Settlement Website, and (ii) the dissemination of Notice *via* Internet —fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to opt-out of the Settlement Agreement, and their right to appear at the Final Fairness Hearing.

4.     Seven (7) individuals: Monica Almy; Nathan Dayberry; Aja Ramos; Anais Garcia; Sandra Caldwell; Stacey Celarie; and Asena Vaai have submitted timely Opt-Out Requests and are therefore excluded from the Settlement Class.

5.     No Objections to the Settlement have been filed in this case. All Objections were to be filed with the Court and mailed to the Parties by Sept. 20, 2021.

6.     The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

7.     The Court has reviewed the substance of Defendants' notice (*see* ECF No. 151) and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Fairness Hearing. *See* 28 U.S.C. § 1715(d).

8.     This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement—i.e., cash payments of up to $10 without proof of purchase and $20 with proof of purchase—constitutes fair value given in exchange for the release of the Released Claims against the released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the

Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

9. The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

See Bezdek v. Vibram USA Inc., 79 F. Supp. 3d 324, 344 (D. Mass.), aff'd, 809 F.3d 78 (1st Cir. 2015) (citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974)).

10. The Court finds that the Settlement Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

11. Accordingly, the Settlement is hereby finally approved in all respects.

12. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Approval Order and Judgment in full and shall have the full force of an Order of this Court.

13. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits, and with prejudice.

14. Upon the Effective Date of this Final Approval Order and Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or

not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, employees, agents, insurers, attorneys, accountants, or anyone acting on their behalf shall be deemed to have released Defendants, as well as any and all of Defendants' respective present or past predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, shareholders, lenders, auditors, investment advisors, legal representatives, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations—including known or unknown claims, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based federal, state, local, statutory or common law or any other law, rule or regulation, against the released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the allegations in the operative complaint in this Action, or relating to any matters that were raised or could have been raised in this Action, including the labeling, advertisement, and sale of Guinness Extra Stout during the Class Period.

15. Upon the Effective Date of this Final Approval Order and Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement

Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

16. The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any fault, wrongdoing, or liability on the part of Defendants or of the validity for litigation of any claims that have been, or could have been, asserted in the Action.

17. This Order, the Settlement or any such communications shall not be offered or received in evidence in any action of proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided*, *however*, that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Defendants or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

18. The Court has also considered *Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Service Award*, as well as the supporting memorandum of law and declarations, and

determines that the combined payment of attorneys' fees, costs, and expenses in the amount of $1,384,195.16 is reasonable in light of the methods used to evaluate fee awards in the First Circuit and by this Court.  See Arkansas Tchr. Ret. Sys. v. State St. Bank & Tr. Co., No. CV 11-10230-MLW, 2020 WL 949885, at *12–13 (D. Mass. Feb. 27, 2020), appeal dismissed sub nom. Arkansas Tchr. Ret. Sys. v. State St. Corp., No. 20-1365, 2020 WL 5793216 (1st Cir. Sept. 3, 2020).  This award includes Class Counsel's unreimbursed litigation expenses.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

19. The Court further determines that the payment of a service award in the amount of $7,500.00 to the Settlement Class Representative to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

20. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class

against Defendants, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims.

21. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and Judgment and do not limit the rights of Settlement Class Members.

22. Without affecting the finality of this Final Approval Order and Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

23. This Court hereby directs entry of this Final Approval Order and Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Approval Order and Judgment.

IT IS SO ORDERED, this _____ day of _____, 2021.

                                                          _____
                                                          The Honorable Mark L. Wolf
                                                          U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIERAN O'HARA, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>DIAGEO BEER COMPANY USA; & DIAGEO NORTH AMERICA, INC.<br><br>Defendants. | Civil Action No. 1:15-cv-14139-MLW |

## [PROPOSED] JUDGMENT

The Court has entered its Final Approval Order of the Parties' Settlement. Accordingly, the Settlement Class's claims against Defendants Diageo Beer Company USA and Diageo North America, Inc. are hereby DISMISSED WITH PREJUDICE, and this Judgment shall issue consistent with Federal Rule of Civil Procedure 58.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Mark L. Wolf
U.S. District Judge