# **<u>Exhibit C</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KIERAN O'HARA, on behalf of himself and all others similarly situated individuals, | Civil Action No. 1:15-cv-14139-MLW |
| Plaintiff, vs. | **DECLARATION OF JEANNE C. FINEGAN, APR CONCERNING IMPLEMENTATION OF CLASS NOTICE** |
| DIAGEO BEER COMPANY USA & DIAGEO NORTH AMERICA, INC. | |
| Defendants. | |

I, Jeanne C. Finegan, declare and state as follows:

**INTRODUCTION**

1.      I am Managing Director and Head of Kroll Notice Media Solutions ("Kroll Media") an affiliate company of Kroll Settlement Administration ("Kroll") f/k/a Heffler Claims Group LLC.  This Declaration is based upon my personal knowledge as well as information provided to me by my associates and staff, including information reasonably relied upon in the fields of advertising media and communications.

2.      Pursuant to the Memorandum and Order dated June 28, 2021, Kroll Settlement Administration (Heffler Claims Group) was appointed as the Settlement Administrator to provide notification and claims administration services in *O'Hara v. Diageo Beer Company USA*, No. 15-CV-14139 (D. Mass.), referred to herein as the "Settlement."  Accordingly, Kroll Media was engaged by the Parties to this litigation to develop and implement a legal Notice Program as part of the Parties' class action settlement.

3.      Pursuant to the Order, the purpose of this Declaration is to provide a report

1

concerning the successful implementation of the Notice Program for this Settlement, which commenced on July 28, 2021, and was substantially completed on August 26, 2021.

4.      The Notice Program employed best-in-class tools and technology, (exceeding our original projections of 74%) to reach an estimated 80 percent of targeted Settlement Class Members in Massachusetts[1], on average, four (4) times, with over 15,915,000 impressions[2] served through online display, search, social impressions.  The digital campaign was served with cross-device targeting on desktop and mobile. Ads were linked to the Settlement Website, where users could also see the toll-free number.

## NOTICE PROGRAM SUMMARY

5.      The Notice Program for this Settlement was designed to inform Settlement Class Members of the class action settlement between Plaintiff and Defendants.  Pursuant to the Settlement Agreement, § 1.32, the Settlement Class is defined as:  "all individuals who purchased a six-pack or twelve-pack or Guinness Extra Stout in the Commonwealth of Massachusetts between December 15, 2011 and September 3, 2015.  The Settlement Class excludes any individuals who purchased Guinness Extra Stout for resale, including distributors and retailers.  In addition, the following are excluded from the Settlement Class:  (i) Defendants, (ii) any entity in which Defendants have a controlling interest, (iii) Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; and (iv) any individual who timely and validly opts-out of the Settlement Class."

---

[1] For the purpose of appropriately selecting media to reach this target, we reviewed media use against a broader target of Guinness Stout consumers and Massachusetts.  Here, we see a population of 185,000.  Upon further refinement, the Simmons-MRI definition of "Guinness Stout and Massachusetts and consumed beer at home, *i,e,*, not a bar or restaurant" includes a population of 148,000.  MRI does not separate out "Stout" from "Extra Stout," so there is no doubt that the measured audience for this program is over inclusive as the Extra Stout audience is likely smaller.

[2] An impression is an occurrence of a digital ad being served to a targeted audience.  It is also called an "opportunity to see" an ad.

2

6.     I am informed by the Parties that customer records and contact information to utilize as part of a direct mail effort may not be complete, accurate, or reliable.

7.     Therefore, in the absence of reasonably ascertainable Settlement Class Member data (as is the case here), experts have commonly and reasonably relied upon data from highly targeted media research bureaus such as MRI or comScore to calculate how many people (*i.e,.* Settlement Class Members) were reached by the Notice Program.  In advertising, this is commonly referred to as a "Reach and Frequency" analysis, where "Reach" refers to the estimated percentage of the unduplicated audience members exposed to the campaign, and "Frequency" refers to how many times, on average, the target audience had the opportunity to see the message. These calculations are used by advertising and communications firms worldwide and have become a critical element to help provide the basis for determining adequacy of notice in class actions.

8.     To this end, in developing the Notice Program, we were guided by well-established principles of communication and utilized best-in-class nationally syndicated media research data provided by Simmons/GfK (f/k/a GfK Mediamark Research and Intelligence, LLC),[3]  comScore,[4] and Telmar, among others, to provide media consumption habits and audience delivery verification of the potentially affected population. These data resources are used by advertising agencies nationwide as the basis to select the most appropriate media to reach specific target audiences. Specifically, this research identifies which media channels are favored by the target audience (i.e., the Settlement Class Members), for instance, browsing behaviors of the Internet and social media

---

[3] Simmons-GfK's *Survey of the American Consumer*® ("MRI") is the industry standard for magazine audience ratings in the U.S. and is used in the majority of media and marketing agencies in the country. MRI provides comprehensive reports on demographic, lifestyle, product usage and media exposure.

[4] ComScore is a global Internet information provider on which leading companies and advertising agencies rely for consumer behavior insight and Internet usage data.  ComScore maintains a proprietary database of more than 2 million consumers who have given ComScore permission to monitor their browsing and transaction behavior, including online and offline purchasing.

channels that are used. The resulting key findings were instrumental in our selection of media channels and outlets for determining the estimated net audience reached through this Notice Program.

9.       This media research technology allows us to fuse data and accurately report to the Court the percentage of the target audience that was reached by the Notice Program and how many times the target audience had the opportunity to see the Notice.

## SUMMARY OF NOTICE PROGRAM ELEMENTS

10.      Pursuant to the Court's Order, the Notice Program included the following components:

- Online display banner advertising specifically targeted to reach Settlement Class Members;

- Keyword Search targeting Settlement Class Members;

- Social media through Facebook, Instagram, and Twitter;

- An informational Settlement Website was established on which the Notice and other important Court documents are posted;

- A toll-free information line was established by which Settlement Class Members can call 24/7 for more information about the Settlement, including, but not limited to, requesting copies of the Long Form Notice.

## KROLL ADMINISTRATIVE DUTIES

11.      Kroll's duties in this Settlement have and will include: (a) establishing a post office box for the receipt of general mail and correspondence; (b) creating a Settlement Website with online claim filing capabilities; (c) establishing a toll-free number with an Interactive Voice Response (IVR); (d) preparing and sending Notice; (e) receiving and processing Opt-Outs and Objections; (f) receiving and processing Claim Forms; and (g) such other tasks as counsel for the Parties or the Court orders Kroll to perform.

12.     On July 7, 2021, Kroll obtained a post office box with the mailing address *O'Hara v. Diageo Beer Company USA, et al.*, c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391 in order to receive requests for claim forms and correspondence from Settlement Class Members.

13.     On July 7, 2021, Kroll created and is currently hosting a dedicated website entitled http://www.mastoutsettlement.com.  The website went live on July 28, 2021. The website contains a summary of the Settlement, answers to frequently asked questions, court documents, contact information, and allows Settlement Class Members the opportunity to file a Claim Form and Opt-Out/Exclusion Request online.  A screenshot of the website showing the court documents and other features is attached hereto as **Exhibit 1**.  As of September 24, 2021 there have been 36,700 users have visited the website.

14.     On July 7, 2021, Kroll established and is still maintaining a toll-free number, 1-833-460-1724, for Settlement Class Members to call and obtain additional information regarding the Settlement using an IVR system.  To date, 16 Settlement Class Members have called the IVR.

15.     On July 21, 2021, Kroll established and is still maintaining an email address, info@MAStoutsettlement.com, for Settlement Class Members to submit Claim Forms and inquiries regarding the Settlement.

16.     On June 29, 2021, Kroll received Word versions of the Claim Form and Long Form Notice from counsel.  Kroll prepared and formatted drafts of the materials that counsel reviewed and approved. True and correct copies of the Notice materials are attached hereto as **Exhibit 2**.

17.     To date, Kroll has received and processed seven (7) Opt-Outs/Exclusion Requests from the Settlement.  The names of the individuals who requested exclusion from the Settlement are attached hereto as **Exhibit 3.**

18.     To date, Kroll has received zero (0) Objections to the Settlement.

19.     To date, Kroll has received 69 Claim Forms via mail and 14,431 claims were filed electronically through the Settlement Website.  Of the claims received 14,367 were filed without proof of purchase. These claims have been filed for a total of $92,882. A total of 133 claims have been filed with proof of purchase for a total of $1,264.00. Therefore, the total dollar amount of claims is $94,146.00. Settlement Class Members were provided a unique Class Member ID at the time they filed their claim. This Class Member ID is required for Settlement Class Members to file a claim online.

20.     To identify potential claims from individuals outside the Settlement Class and to prevent fraud, Kroll employs state-of-the-art technology and processes to analyze the claims received. Kroll is still in the process of reviewing and validating claims.

## PUBLICATION NOTICE

21.     In order to squarely focus on this target audience, we used four layers of online media targeting tactics 1) programmatic as they browse the web; 2) as they use search engines; 3) as they visit social media sites social followers and fans; and 4) retargeting.  All ads were geotargeted[5] to the state of Massachusetts.

Programmatic is a computerized approach to buying ads online, which uses an algorithm to show a specific ad to a specific visitor in a specific context, where Settlement Class Members may be visiting. These ads are device agnostic and will appear across desktop, laptop, or mobile device.  Accordingly, we targeted beer drinkers, and more specifically, Guinness drinkers in Massachusetts via display ads. Ads were shown to the target audience as they browsed the web.

---

[5] Geotargeting serves ads to consumers based on their location and Internet Protocol ("IP") address.

22.     On Facebook and Instagram, ads were targeted to people in Massachusetts who have liked or followed the Guinness or Open Gate Brewing social pages on Facebook and Instagram.

- Guinness Facebook: 6.5M people like this

- Guinness Instagram: 255K people follow this

- Guinness Open Gate Brewery Facebook: 34K people like this

- Guinness U.S. Instagram: 133K people follow this

23.     Ads were also targeted to other pages such as Craft Beer Lovers, BeerAdvocate, The BEER Heaven, and more.

24.     On Twitter, the Notice Program targeted people in MA who follow or engage with @GuinnessIreland and @GuinnessUS or use hashtags such as #Guinness, #GuinnessExtraStout, #GuinnessTime, and similar.

25.     Additionally, ads were retargeted[6] to users who visited the Settlement Website. Retargeting works by utilizing cookies, or small bits of code stored by the web browser that remembers users who visited the Settlement Website.

26.     The online ads provided information for visitors to self-identify as potential Settlement Class Members, where they could "click" on the banner and then link directly to the Settlement Website for more information regarding the Settlement and important deadlines and documents, including downloadable copies of the full Notice and Claim Form, and where they could submit a Claim Form.

---

[6] Retargeting is a cookie-based technology dropped into a user's browser upon visiting a website.  When the user browses other sites, the cookie will prompt ads to be served to that user where ever they may be visiting thus reminding them to convert on the ad's call to action, or file a claim.

27.     To further enhance this Notice Program, we employed Google keyword search terms.  When users searched for target phrases and keywords identified for this Notice Program on Google's search engine, links appeared on the search result pages.  Representative key terms included, but were not limited to: Guinness settlement, Guinness class action, Guinness, Guinness Extra Stout, Guinness coupons, and more.

## CONCLUSION

28.     In my opinion, the outreach efforts described above reflect a particularly appropriate, highly targeted, and contemporary way to employ Notice to this Settlement Class. Through a multi-media channel approach to Notice, which employed online display, search, and social media, an estimated 80 percent of targeted Settlement Class Members were reached by the media program, on average, four (4) times.

29.     In my opinion, the efforts used in this Notice Program are of the highest modern communication standards, are reasonably calculated to provide notice, and are consistent with best practicable court-approved notice programs in similar matters and the Federal Judicial Center's guidelines concerning appropriate reach.

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.  Executed September 27, 2021, in Tigard, Oregon.

_Jeanne C. Finegan_

# Exhibit 1

**KROLL**
SETTLEMENT ADMINISTRATION

HOME     FAQS     DOCUMENTS     CONTACT

**O'Hara, et al. v. Diageo Beer Company USA, et al.**

United States District Court for the District of Massachusetts
Case No. 15-cv-14139-MLW

If you previously purchased Guinness Extra Stout, you may be eligible to get $0.50 per six-pack, up to $20 (with proof of purchase) or $10 (without proof of purchase), from a class action settlement

*A Federal Court authorized this Notice and this Settlement Website. This is not a solicitation from a lawyer.*

- **Settlement Reached** — A Settlement has been reached in a class action lawsuit. A purchaser of Guinness Extra Stout beer sued Defendants, Diageo Beer Company USA (formerly Diageo-Guinness USA, Inc.) and Diageo North America, Inc. (collectively "Diageo" or "Defendants"), alleging generally that Diageo labeled and advertised Guinness Extra Stout beer as being produced and imported from Ireland when, in fact, it was produced and imported from Canada. Diageo denies any wrongdoing. The Court has not decided who is right. The Parties agreed to the proposed Settlement to resolve the lawsuit.

- **Eligibility** — You are eligible to participate in this Settlement **if you purchased a six-pack or twelve-pack of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015, inclusive.** This excludes individuals who purchased Guinness Extra Stout for resale, including distributors and retailers. It also excludes Diageo, any entity in which Diageo has a controlling interest, Diageo's officers, directors, legal representatives, successors, subsidiaries, or assigns; and any individual who timely and validly opts-out from the Settlement Class. To receive payment under the Settlement, you must submit a Claim Form. Settlement Class Members who do not exclude/opt-out of the Settlement will be bound by the Settlement even if they do not submit Claim Forms.

- **Without Proof of Purchase** — For a Settlement Class Member who submits a valid Claim Form without Proof of Purchase, but who submits attestation of his or her purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015 under penalty of perjury, Diageo shall pay $0.50 per six-pack (whether purchased as a six-pack or a part of a twelve-pack) up to a total of $10.00 per household.

- **With Proof of Purchase** — For a Settlement Class Member who submits a valid Claim Form, along with Proof of Purchase establishing purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015, Diageo shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to $20.00 per household.

Please read the Notice carefully and in its entirety.

**Your rights may be affected by the Proposed Settlement of this Lawsuit, and you have a choice to make now about how to act:**

**YOUR LEGAL RIGHTS AND OPTIONS**

| | |
|---|---|
| **WHAT IS THIS?** | A Settlement has been reached in a class action lawsuit. The lawsuit involves claims of misrepresentation and violations of the Massachusetts consumer protection law, alleging that Guinness Extra Stout was labeled and advertised as produced and imported from Ireland when, in fact, it was produced and imported from Canada. Diageo denies any wrongdoing. |
| **SUBMIT A CLAIM FORM BY OCTOBER 26, 2021** | **This is the only way to receive a monetary payment from the proposed Settlement.** By remaining in the Settlement, whether or not you submit a claim, you will give up any rights to sue Diageo separately about the same legal claims in this lawsuit. Claim Forms are available here or a downloadable version is available here. For more detail about the claim process, please see FAQs #5, #6 and #7. |
| **EXCLUDE YOURSELF/OPT-OUT BY SEPTEMBER 20, 2021** | You have the right to exclude yourself from or "opt-out" of the proposed Settlement. If you exclude/opt-out of the proposed Settlement, you will not be eligible to receive the monetary payment, but you will keep your right to sue Diageo about the same legal claims in this lawsuit. Exclusion/Opt-Out Requests must be submitted electronically or postmarked by September 20, 2021 and mailed to: O'Hara, et al v. Diageo Beer USA, et al, c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391. **For more detail about opting-out of the Class, please see FAQs #9 and #11.** |
| **OBJECT OR COMMENT BY SEPTEMBER 20, 2021** | You may write to the Court about why you do, or do not, like the Settlement. You must remain in the class to comment in support of or in opposition to the Settlement. Objections and comments must be filed with the Court and served on the Parties by September 20, 2021. **For more detail about Objecting or commenting, please see FAQs #10 and #11.** |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON OCTOBER 7, 2021** | You may ask to speak in Court about the fairness of the Settlement. Written Notice of your intent to appear in the lawsuit must be filed with the Court and served on the Parties by September 20, 2021. You may enter your appearance in Court through an attorney at your own expense if you so desire. **For more detail about appearing in this lawsuit or attending the final hearing, please see FAQs #14, #15, #16 and #16.** |
| **DO NOTHING** | By doing nothing, you will not receive the monetary payment. You will also give up any rights to sue Diageo separately about the same legal claims in this lawsuit. |

- Your rights and options — **and the deadlines to exercise them** — are further explained in the Notice. The Court in charge of this case has the authority to alter any deadlines set forth below for good cause shown.

- The Court in charge of this case still has to decide whether to approve the Settlement. The Class Benefit (i.e., the monetary payments described herein) will be made available if the Court approves the Settlement, and after any appeals are resolved, if they are resolved in favor of Settlement approval.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

This website is authorized by the Court, supervised by counsel, and controlled by the Settlement Administrator approved by the Court. This is the only authorized website for this case.

For more information, please call 833-460-1724.

## Sidebar

**Documents**

**Contact**

**Submit Claim**

**Exclusion/Opt-Out**

**Important Dates**

**Exclusion/Opt-Out Deadline**
Monday, September 20, 2021

Your Exclusion/Opt-Out Request must be submitted electronically or postmarked by September 20, 2021

**Objection or Comments Deadline**
Monday, September 20, 2021

Objections and comments must be filed with the Court and served on the Parties by Monday, September 20, 2021.

**Final Fairness Hearing Date**
Thursday, October 7, 2021

The Final Fairness Hearing is scheduled for Thursday, October 7, 2021. The Court will issue an order if the hearing will be by video conference, which will be posted on this website. Please check this website for updates.

**Claim Form Deadline**
Tuesday, October 26, 2021

Claims Forms must be submitted online or postmarked by Tuesday, October 26, 2021.

**Important Documents**

Guinness Extra Stout 6-pack (PD 56.9 KB)

Guinness Extra Stout 12-pack (PD 85.9 KB)

Plaintiff's Application for Attorneys' Fees, Expenses, and Service Award (PDF 29.6 MB)

Long Form Notice (PDF 3.1 KB)

Claim Form (PDF 67.3 KB)

Memorandum and Order re: Preliminary Approval (PDF 4.3 MB)

Plaintiff's Assented to Motion for Preliminary Approval of the Proposed Class Action Settlement (PDF 610.6 KB)

Settlement Agreement (PDF 263.6 KB)

Second Amended Complaint (PDF 4.5 MB)

Plaintiff's Contingency Fee Agreement (PDF 2.3 MB)

**Having Trouble?**

Having trouble opening pdf files? You can download Acrobat Reader for free from www.adobe.com.

KROLL
SETTLEMENT ADMINISTRATION

HOME     FAQS     DOCUMENTS     CONTACT

O'Hara, et al. v. Diageo Beer Company USA, et al.

Important documents regarding the Settlement

Please read for a full explanation of the Settlement, your rights and options, and all applicable timelines.

## Important Documents

Guinness Extra Stout 6-pack (JPG 68.8 KB)

Guinness Extra Stout 12 pack (JPG 80.9 KB)

Plaintiff's Application for Attorneys' Fees, Expenses, and Service Award (PDF 20.9 MB)

Long Form Notice (PDF 167.1 KB)

Claim Form (PDF 67.3 KB)

Memorandum and Order re: Preliminary Approval (PDF 4.3 MB)

Plaintiff's Assented-to Motion for Preliminary Approval of the Proposed Class Action Settlement (PDF 519.6 KB)

Settlement Agreement (PDF 263.0 KB)

Second Amended Complaint (PDF 6.5 MB)

Plaintiff's Contingency Fee Agreement (PDF 2.3 MB)

### Having Trouble?

Having trouble opening .pdf files? You can download Acrobat Reader for free from www.adobe.com.

This website is authorized by the Court, supervised by counsel, and controlled by the Settlement Administrator approved by the Court. This is the only authorized website for this case.

For more information, please call 833-460-1724.

### Documents

### Contact

### Submit Claim

### Exclusion/Opt-Out

**Important Dates**

**Exclusion/Opt-Out Deadline**
Monday, September 20, 2021

Your Exclusion/Opt-Out Request must be submitted electronically or postmarked by Monday, September 20, 2021

**Objection or Comments Deadline**
Monday, September 20, 2021

Objections and comments must be filed with the Court and served on the Parties by Monday, September 20, 2021

**Final Fairness Hearing Date**
Thursday, October 7, 2021

The Final Fairness Hearing is scheduled for Thursday, October 7, 2021. The Court will issue an order if the hearing will be by video conference, which will be posted on this website. Please check this website for updates.

**Claim Form Deadline**
Tuesday, October 26, 2021

Claims Forms must be submitted online or postmarked by Tuesday, October 26, 2021

**Important Documents**

Guinness Extra Stout 6-pack (JPG 68.8 KB)

Guinness Extra Stout 12 pack (JPG 80.9 KB)

Plaintiff's Application for Attorneys' Fees, Expenses, and Service Award (PDF 20.9 MB)

Long Form Notice (PDF 167.1 KB)

Claim Form (PDF 67.3 KB)

Memorandum and Order re: Preliminary Approval (PDF 4.3 MB)

Plaintiff's Assented-to Motion for Preliminary Approval of the Proposed Class Action Settlement (PDF 519.6 KB)

Settlement Agreement (PDF 263.0 KB)

Second Amended Complaint (PDF 6.5 MB)

Plaintiff's Contingency Fee Agreement (PDF 2.3 MB)

**Having Trouble?**

Having trouble opening .pdf files? You can download Acrobat Reader for free from www.adobe.com.

Copyright © 2021 Kroll Settlement Administration, LLC - All Rights Reserved. This site designed and developed by Kroll Settlement Administration, LLC · Privacy Policy

# Exhibit 2

3 1 2 2 5 0 0 0 0 0 0 0 0

## CLAIM FORM AND INSTRUCTIONS

In order for you to qualify to receive a payment related to *O'Hara v. Diageo Beer Company USA*, as described in the Notice of this Settlement (the "Settlement Notice"), you must file a Claim Form in the attached form either in paper or electronically on the Settlement Website at www.MAStoutsettlement.com to substantiate your claim.

## REQUIREMENTS FOR FILING A CLAIM FORM

Your claim will be considered only upon compliance with all of the following conditions:

1.  You must accurately complete all required portions of the attached Claim Form.

2.  You must sign this Claim Form, which includes the Certification. If you file a Claim Form electronically, your electronic signature and submission of the form shall have the same force and effect as if you signed the form in hard copy.

3.  By signing and submitting the Claim Form, you are certifying under penalty of perjury that: (1) that **you purchased a six-pack or twelve-pack of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015**; (2) you were 21 years of age or older when you made such purchases of Guinness Extra Stout; (3) you are not an officer, director, legal representative, successor, subsidiary, or assign of Diageo; and (4) you have not affirmatively opted-out of the Settlement Class.

4.  For a Settlement Class Member who submits a valid Claim Form without Proof of Purchase, but who submits attestation of his or her purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015 under penalty of perjury, Diageo shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to $10.00 per household.

5.  For a Settlement Class Member who submits a valid Claim Form, along with Proof of Purchase establishing purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015, Diageo shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to $20.00 per household.

6.  Proof of Purchase may take the following forms: (A) the receipt or invoice issued for your purchase of Guinness Extra Stout; or (B) other documentation showing the actual price paid for the Guinness Extra Stout you purchased.

7.  You have two ways to complete and submit a Claim Form: (A) you may MAIL the completed and signed Claim Form and Certification by First Class U.S. Mail, postage prepaid, postmarked no later than October 26, 2021, to:

**O'Hara, et al. v. Diageo Beer Company USA, et al.**
**c/o Kroll Settlement Administration**
**P.O. Box 225391**
**New York, NY 10150-5391**

**OR** (B) you may complete and submit the Claim Form and Certification using the Settlement Website at www.MAStoutsettlement.com. If you file an electronic Claim Form and have Proof of Purchase, you must either send your Proof of Purchase to the Settlement Administrator via e-mail at info@MAStoutsettlement.com or via U.S. Mail at the Settlement Administrator's address above.

8.  Your failure to complete and submit the Claim Form using the Settlement Website by October 26, 2021, or by mail postmarked by October 26, 2021, will preclude you from receiving any payment in this Settlement. If you submit by mail, you are advised to use (but are not required to use) certified mail, return receipt requested so that you will have a record of the date of mailing.

9.  Members of the same household may only submit a single Claim Form.

Submission of this Claim Form does not assure that you will share in the payments related to *O'Hara v. Diageo Beer Company USA*. If the Settlement Administrator determines that your claim may be invalid, the Settlement Administrator may reject your claim subject to your right to present information to dispute the Settlement Administrator's finding. For more information on this process, see Paragraph 3 of the Settlement Agreement, which is available at www.MAStoutsettlement.com.







‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
3 1 2 2 5 0 0 0 0 0 0 0 0

*O'Hara v. Diageo Beer Company USA*

**CLAIM FORM**

Please print or type

I, _____, state as follows:

_____          _____
LAST NAME/Entity (Claimant)*                                    FIRST NAME (Claimant)*

___ ___ / ___ ___ / ___ ___ ___ ___
Date of Birth (MM/DD/YYYY)*

_____
Current Address*

_____     ___ ___        ___ ___ ___ ___ ___ ___
Current City*                                            State*                        Zip Code*

_____          _____
Telephone Number (Day)(optional)                          Telephone Number (Night)(optional)

_____ @ _____
E-mail Address*

IDENTITY OF CLAIMANT (Check appropriate box)

☐ Individual    ☐ Legal Representative (attach information showing authority to submit claim)

☐ Other (specify, describe on separate sheet) _____

**CERTIFICATIONS***

I have read and am familiar with the contents of the Instructions accompanying this Claim Form, and I certify under penalty of perjury that the information I have set forth in the foregoing Claim Form and in documents attached by me are true, correct, and complete to the best of my knowledge.

I certify that:
1. I purchased one or more six-packs of Guinness Extra Stout (whether purchased as a six-pack or as part of a twelve-pack) in Massachusetts between December 15, 2011 and September 3, 2015;
2. I was 21 years of age or older when I made such purchases of Guinness Extra Stout;
3. I am not an officer, director, legal representative, successor, subsidiary, or assign of Diageo; and
4. I have not affirmatively opted-out of the Settlement Class.

A picture of the Guinness Extra Stout 6-pack outer packaging and 12-pack outer packaging are shown below:




  

3 1 2 2 5 0 0 0 0 0 0 0 0

I purchased the following Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015:*

| Product | Qty | City/State | Month/Year |
|---|---|---|---|
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |
| ☐ Guinness Extra Stout<br>☐ Guinness Draught<br>☐ Guinness Foreign Extra Stout | _____6-Pack<br>_____12-Pack | | |

**I certify under penalty of perjury under the laws of the United States of America that all of the information provided on this Claim Form is true and correct to the best of my knowledge this ____day of _____, 2021.***

_____        _____
      Signature*                                                                                    Date*

_____
      Printed Name*

If the Claimant is other than an individual, or if the Claimant is not the person completing this form, the following must also be provided:

Name of person signing: _____Date: _____

Capacity of person signing: _____
(Executor, President, Trustee, etc.)

**ACCURATE CLAIMS PROCESSING TAKES TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:
1. Please sign the above Claim Form.
2. Enclose a copy of your Proof(s) of Purchase, *if you have them,* along with the Claim Form.
3. Keep a copy of your Claim Form and supporting documentation for your records.

If you move or your name changes, please send your new address, new name or contact information to Kroll Settlement Administration via the Settlement Website, mail, or by calling the Settlement Administrator's toll-free telephone number, each listed in the Notice.

*Fields or Sections are Required to be Completed.





**United States District Court for the District of Massachusetts**
*Kieran O'Hara v. Diageo Beer Company USA & Diageo North America, Inc.,*
Case No. 15-cv-14139-MLW

# If You Previously Purchased Guinness Extra Stout, You May Be Eligible to Get $0.50 per Six-Pack, Up to $20 (with Proof of Purchase) or $10 (without Proof of Purchase), From a Class Action Settlement

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- **Settlement Reached —** A Settlement has been reached in a class action lawsuit.  A purchaser of Guinness Extra Stout beer sued Defendants, Diageo Beer Company USA (formerly Diageo-Guinness USA, Inc.) and Diageo North America, Inc. (collectively, "Diageo" or "Defendants"), alleging generally that Diageo labeled and advertised Guinness Extra Stout beer as being produced and imported from Ireland when, in fact, it was produced and imported from Canada.  Diageo denies any wrongdoing.  The Court has not decided who is right.  The Parties agreed to the proposed Settlement to resolve the lawsuit.

- **Eligibility —** You are eligible to participate in this Settlement **if you purchased a six-pack or twelve-pack of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015, inclusive**.  This excludes individuals who purchased Guinness Extra Stout for resale, including distributors and retailers.  It also excludes Diageo, any entity in which Diageo has a controlling interest, Diageo's officers, directors, legal representatives, successors, subsidiaries, or assigns; and any individual who timely and validly opts-out from the Settlement Class.  To receive payment under the Settlement, you must submit a Claim Form.  Settlement Class Members who do not opt-out of the Settlement will be bound by the Settlement even if they do not submit Claim Forms.

- **Without Proof of Purchase —** For a Settlement Class Member who submits a valid Claim Form without Proof of Purchase, but who submits attestation of his or her purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015 under penalty of perjury, Diageo shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to a total of $10.00 per household.

- **With Proof of Purchase —** For a Settlement Class Member who submits a valid Claim Form, along with Proof of Purchase establishing purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015, Diageo shall pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to $20.00 per household.

**Questions?  Visit www.MAStoutsettlement.com
or contact the Settlement Administrator at 1-833-460-1724**

-1-

**Please read this Notice carefully and in its entirety.**
**Your rights may be affected by the Proposed Settlement of this Lawsuit,**
**and you have a choice to make now about how to act:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **WHAT IS THIS?** | A Settlement has been reached in a class action lawsuit. The lawsuit brought claims of misrepresentation and violations of the Massachusetts consumer protection law, alleging that Guinness Extra Stout was labeled and advertised as produced and imported from Ireland when, in fact, it was produced and imported from Canada. Diageo denies any wrongdoing. |
| **SUBMIT A CLAIM FORM BY <u>OCT. 26, 2021</u>** | **This is the only way to receive a monetary payment from the proposed Settlement.** By remaining in the Settlement, whether or not you submit a claim, you will give up any rights to sue Diageo separately about the same legal claims in this lawsuit. Claim Forms are available at <u>www.MAStoutsettlement.com</u>. **For more detail about the claim process, please see questions 5, 6 and 7 below.** |
| **EXCLUDE YOURSELF/OPT-OUT BY <u>SEPT. 20, 2021</u>** | You have the right to exclude yourself from or "opt-out" of the proposed Settlement. If you opt-out of the proposed Settlement, you will not be eligible to receive the monetary payment, but you will keep your right to sue Diageo about the same legal claims in this lawsuit. Opt-Out Requests must be electronically submitted or postmarked by Sept. 20, 2021 and mailed to O'Hara, et al. v. Diageo Beer Company USA, et al. c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391. **For more detail about opting-out of the Class, please see questions 9 and 11 below.** |
| **OBJECT OR COMMENT BY <u>SEPT. 20, 2021</u>** | You may write to the Court about why you do, or do not, like the Settlement. You must remain in the class to comment in support of or in opposition to the Settlement. Objections and comments must be filed with the Court and served on the Parties by Sept. 20, 2021. **For more detail about objecting or commenting, please see questions 10 and 11 below.** |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON <u>OCT. 7, 2021</u>** | You may ask to speak in Court about the fairness of the Settlement. Written notice of your intent to appear in the lawsuit must be filed with the Court and served on the Parties by Sept. 20, 2021. You may enter your appearance in Court through an attorney at your own expense if you so desire. **For more detail about appearing in this lawsuit or attending the final hearing, please see questions 10, 14, 15 and 16 below.** |
| **DO NOTHING** | By doing nothing, you will not receive the monetary payment. You will also give up any rights to sue Diageo separately about the same legal claims in this lawsuit. |

**Questions?  Visit <u>www.MAStoutsettlement.com</u>**
**or contact the Settlement Administrator at 1-833-460-1724**

- Your rights and options — **and the deadlines to exercise them —** are further explained in this notice. The Court in charge of this case has the authority to alter any deadlines set forth below for good cause shown.

- The Court in charge of this case still has to decide whether to approve the Settlement. The Class Benefit (i.e., the monetary payments described herein) will be made available if the Court approves the Settlement, and after any appeals are resolved, if they are resolved in favor of settlement approval.

- If you have any questions, please read on and/or visit www.MAStoutsettlement.com.

## BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

If you purchased a six-pack or twelve-pack of Guinness Extra Stout beer in Massachusetts between December 15, 2011 and September 3, 2015, as described on **page 1** of this Notice, you have a right to know about the proposed Settlement of a class action lawsuit and your options. You may have received this Notice because you requested more information after reading the Settlement Website. If the Court approves it, and if objections and all appeals are resolved in favor of settlement approval, a Settlement Administrator approved by the Court will oversee the distribution of the Class Benefits that the proposed Settlement allows. You will be informed of the progress of the proposed Settlement on the settlement website.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. Judge Mark L. Wolf of the United States District Court for the District of Massachusetts is overseeing the lawsuit, which is known as *O'Hara v. Diageo North America,* Case No. 15-cv-14139. The person who sued is called the Plaintiff, and the companies he sued, Diageo Beer Company USA (formerly Diageo-Guinness USA, Inc.) and Diageo North America, Inc., are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

This lawsuit alleges generally that Guinness Extra Stout was labeled and advertised as produced and imported from Ireland when, in fact, it was produced and imported from Canada. Diageo denies any wrongdoing. The Court has not determined which side is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties, expenses, and expenditure of resources associated with ongoing litigation.

| 3. | What is a class action and who is involved? |
|---|---|

In a class action lawsuit, one or more people called "class representatives" (in this case, the Plaintiff, Kieran O'Hara) sue on behalf of other people who have similar claims. The people together are a "class" or "class members." The class members here are referred to as "Settlement Class Members," because this class is being certified for settlement purposes only. The named Plaintiff who sued — and all the Settlement Class Members like them — are called the Plaintiffs. The companies they sued (in this case, Diageo) are called the Defendants. One court resolves the issues for everyone in the Class — except for those people who choose to opt-out of the Class.

| 4. | Am I part of this Class? |
|---|---|

If you purchased a six-pack or twelve-pack of Guinness Extra Stout beer in Massachusetts between December 15, 2011 and September 3, 2015, inclusive, then you are a Settlement Class Member.

**Questions?  Visit www.MAStoutsettlement.com
or contact the Settlement Administrator at 1-833-460-1724**

-3-

## THE SETTLEMENT BENEFITS

### 5.      What does the Settlement provide?

*Monetary Relief*.  Under the proposed Settlement, for Settlement Class Members who submit a valid Claim Form, along with Proof of Purchase establishing purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015, Diageo will pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to $20.00 per household.

For Settlement Class Members who submit valid Claim Forms without Proof of Purchase, but who submit attestation of the Claimant's purchase of Guinness Extra Stout in Massachusetts between December 15, 2011 and September 3, 2015 under penalty of perjury, Diageo will pay $0.50 per six-pack (whether purchased as a six-pack or as part of a twelve-pack) up to $10.00 per household.

The Parties have further agreed that Diageo will pay the costs to administer this proposed Settlement, reasonable attorneys' fees, costs, and expenses, and a payment to the named Plaintiff (see question 13 below).  A detailed description of the settlement benefits can also be found in the Settlement Agreement available at www.MAStoutsettlement.com.

### 6.      When will I get my monetary payment?

The hearing to consider the fairness of the Settlement is scheduled for Oct. 7, 2021.  If the Court approves the Settlement, then eligible Settlement Class Members whose claim were approved by the Settlement Administrator will receive their payment 30 days after the Settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of electronic payment or check.

## HOW TO GET THE SETTLEMENT BENEFITS

### 7.      How do I get my monetary payment?

If you are a Settlement Class Member and want to receive a payment under the Settlement, you must complete and submit a Claim Form no later than Oct. 26, 2021.  Claims Forms can be found and submitted online or postmarked by Oct. 26, 2021.  To submit a Claim Form online or to request a paper copy, go to www.MAStoutsettlement.com or call toll free, 1-833-460-1724.

## YOUR RIGHTS AND OPTIONS

### 8.      What happens if I do nothing at all?

If you do nothing, then you will remain in the Class and not receive any payment from this Settlement.  If the Court approves the Settlement, you will be bound by its terms, you will no longer have the ability to sue with respect to the claims being resolved by the Settlement, and your claims will be released and dismissed.

The Settlement Agreement describes the released claims in more detail, so please read it carefully.  If you have any questions, you can contact the lawyers listed in question 10 for free to discuss, or you can talk to another lawyer of your own choosing if you have questions about what this means.

### 9.      How do I opt-out of the Settlement?

You have the right to opt-out of the Settlement.  If you don't want a payment from the settlement but want to keep the right to sue on your own, you must request exclusion from, or "opt-out" of, the Settlement Class.  The Court will exclude from the class any member who requests exclusion or opts-out.

Questions?  Visit www.MAStoutsettlement.com
or contact the Settlement Administrator at 1-833-460-1724

-4-

If you opt-out of the Settlement, you won't get any money or benefits from the Settlement. However, you may then be able to separately sue or continue to sue Diageo for the legal claims that arc the subject of the lawsuit. If you bring your own lawsuit against Diageo after you opt-out of the Settlement, you will have to hire your own lawyer for that lawsuit, and you will have to prove your claims.

To opt-out of the Settlement, you must submit a written Opt-Out Request electronically through the settlement website at www.MAStoutsettlement.com or by mail, stating that you "want to opt-out of the Settlement in *O'Hara v. Diageo Beer Company USA,* Case No. 15-14139." Your written Opt-Out Request must also include your name, current address, and telephone number. And the request must be signed and dated by you. Your Opt-Out Request must be submitted electronically via the settlement website by Sept. 20, 2021 or mailed and postmarked on or before Sept. 20, 2021 to:

O'Hara, et al. v. Diageo Beer Company USA, et al.
c/o Kroll Settlement Administration
P.O. Box 225391
New York, NY 10150-5391

If you request exclusion or opt-out, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in the lawsuit.

## 10.     How do I object to the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views.

To object, you must file with the Court a written Objection entitled "Objection to Class Settlement in *O'Hara v. Diageo Beer Company USA,* Case No. 15-14139" that identifies all the reasons for your objections and any legal and factual support for those reasons.

Your written Objection must also include your name, address, telephone number, and email address if available, and it must state information showing that you are a Settlement Class Member (i.e. Proof of Purchase or a verification under penalty of perjury as to the date and location of your Guinness Extra Stout purchase(s)). It must also state if you are represented by legal counsel, and if so, provide contact information for your lawyer, including his or her email address if available.

If you intend to appear and speak at the Final Fairness Hearing to object to the Settlement, with or without a lawyer **(explained below in questions 14, 15 and 16),** you must also state your intention to appear in your written Objection.

You must file your written Objection with the Court by mailing it to the address below, and you must mail a copy to Class Counsel and Defendants' Counsel. Your Objection must be postmarked no later than Sept. 20, 2021:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon. Mark L. Wolf<br>United States District Court for the District of Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, Massachusetts 02210 | Kevin McCullough<br>FORREST, MAZOW, MCCULLOUGH, YASI & YASI, P.C.<br>Two Salem Green, Suite 2<br>Salem, MA 01970<br>(877) 599-8890<br>kmccullough@forrestlamothe.com | Samuel A. Danon<br>HUNTON ANDREWS KURTH LLP<br>Wells Fargo Center<br>Suite 2400<br>333 SE 2nd Avenue<br>Miami, FL 33131<br>(305) 810-2500<br>sdanon@huntonak.com |

**Questions?  Visit www.MAStoutsettlement.com
or contact the Settlement Administrator at 1-833-460-1724**

| 11. | What is the difference between objecting and opting-out of the Settlement? |

Objecting means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself or opting out of the Settlement means that you do not want to be part of the Class.  If you opt-out, then you have no basis to object to the Settlement because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

| 12. | Do I have a lawyer in this case? |

The Court appointed the law firm of Forrest, Mazow, McCullough, Yasi & Yasi, P.C. to represent the Plaintiff and all Settlement Class Members as "Class Counsel." Below is contact information for Class Counsel:

Kevin McCullough
FORREST, MAZOW, MCCULLOUGH, YASI & YASI, P.C.
Two Salem Green, Suite 2
Salem, MA 01970
(877) 599-8890
kmccullough@forrestlamothe.com

Class Counsel believe, after conducting an extensive investigation, that the Settlement is fair, reasonable, and in the best interests of the Settlement Class Members.  You will not be charged for these lawyers.  If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

| 13. | How will the lawyers be paid? |

In addition to the monetary benefit to be paid to the Settlement Class Members, Diageo has agreed to pay Class Counsel's fees, costs, and expenses in an amount to be determined by the Court not to exceed $1,500,000.  The Court may award less than this amount.  Any fees, costs, and expenses that are awarded to Class Counsel will be paid separately by Diageo and in addition to the monetary benefits to Settlement Class Members.  This payment will not deplete the funds made available to Settlement Class Members.

Also, subject to approval by the Court, Diageo has agreed to pay $7,500 to the Settlement Class Representative, in recognition of his efforts on behalf of the Settlement Class Members throughout this case.

## THE COURT'S FINAL FAIRNESS HEARING FOR THE SETTLEMENT

| 14. | Where and when will the Court decide whether to approve the Settlement? |

The Court will hold the Final Fairness Hearing on Oct. 7, 2021 at 11:00 am in Courtroom 2 before Judge Wolf at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210.

The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees, costs, and expenses; and to consider the request for the Service Award to the Settlement Class Representative.  At that hearing, the Court will be available to hear any Objections and arguments concerning the fairness of the Settlement.

**Questions?  Visit www.MAStoutsettlement.com
or contact the Settlement Administrator at 1-833-460-1724**

-6-

The hearing may be postponed to a different date or time without notice, so please check www.MAStoutsettlement.com or call 1-833-460-1724 from time to time.  If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Fairness Hearing, you will receive notice of any change in the time and date of such hearing.

| **15.** | **Do I have to come to the Final Fairness Hearing?** |
|---|---|

No.  You do not need to attend the Final Fairness Hearing.  Class Counsel will answer any questions the Court may have on behalf of the Settlement Class Members.  However, you are welcome to attend the Final Fairness Hearing at your own expense.  If you submit an Objection or comment, you do not have to come to Court to talk about it.  As long as you filed and mailed your written Objection on time, the Court will consider it.  You may also pay to have another lawyer attend on your behalf, but that is not required.

| **16.** | **May I speak at the Final Fairness Hearing?** |
|---|---|

Yes.  You may ask the Court for permission to speak at the Final Fairness Hearing.  To do so, you must include in your written Objection to the Settlement a statement saying that it is your intent to appear at the Final Fairness Hearing in *O'Hara v. Diageo Beer Company USA,* Case No. 15-14139.  Your written Objection and notice of intent to appear must be filed with the Court and postmarked no later than Sept. 20, 2021, and sent to the addresses listed in question 10.

# GETTING MORE INFORMATION

| **17.** | **Are more details available?** |
|---|---|

This Notice summarizes the Settlement.  More details are in the Settlement Agreement, which can be found at www.MAStoutsettlement.com.  You may also write with questions to O'Hara, et al. v. Diageo Beer Company USA, et al. c/o Kroll Settlement Administration, P.O. Box 225391 New York, NY 10150-5391.  You can also call the Settlement Administrator at 1-833-460-1724 or Class Counsel at 877-599-8890, if you have questions.

**Questions?  Visit www.MAStoutsettlement.com
or contact the Settlement Administrator at 1-833-460-1724**

-7-

# EXHIBIT 3

**Exclusion Report**

| First Name | Last Name | City |
|---|---|---|
| Monica | Almy | New Bedford |
| Nathan | Dayberry | Kent |
| Aja | Ramos | Attleboro |
| Anais | Garcia | Spring Hill |
| Sandra | Caldwell | Theodore |
| Stacey | Celarie | Selma |
| Asena | Vaai | Tulsa |